Appellant Leonard Brumfield appeals the November 6, 1998 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, which overruled his objections to the magistrate's decision of October 6, 1998. Appellee is the Stark County Department of Human Services.
 STATEMENT OF THE FACTS AND CASE
On October 20, 1997, the Stark County Department of Human Services (hereinafter "DHS"), filed a complaint alleging Jeremiah Brumfield to be an abused child. On October 21, 1997, the trial court found probable cause to remove Jeremiah from his home where he lived with his parents, appellant and Peggy Brumfield. On October 22, 1997, the magistrate ordered appellant to have no contact with Jeremiah until Jeremiah's therapist approved of such contact.
The matter was set for an adjudicatory trial on January 1, 1998. In a January 23, 1998 Decision, the trial court found Jeremiah dependent. The parties stipulated to the facts as alleged in the second amended complaint and to the finding of dependency. Jeremiah was temporarily committed to the custody of his adult brother, Matthew Brumfield. The trial court further ordered the no contact order between appellant and Jeremiah to remain in effect pending further order of the court.
In an effort to gain minimal visitation rights, appellant filed a Motion for Review of the no contact order on June 5, 1998. However, because appellant had failed to deliver the previously ordered psychological evaluations to DHS, the magistrate continued the no contact order. The magistrate further ordered the guardian ad litem to schedule a review of the file after receipt of the psychological evaluations.
On September 18, 1998, the magistrate conducted an annual review of the case. In the findings of fact the magistrate noted Jeremiah's mother had not yet completed psychological evaluations. Appellant had completed his psychological evaluation, but needed to attend counseling. The magistrate further noted both parents needed to attend parent effectiveness training classes. After taking sworn testimony, the magistrate approved and adopted the case plan review packet, ordered the mother and father to meet with the child's therapist, and further ordered no visitation until both mother and father had obtained counseling. On October 1, 1998, the trial court adopted and approved the magistrate's decision. On the same day, appellant filed objections to the magistrate's decision.
After reviewing the motion and the record, the trial court overruled appellant's motion:
 Magistrate Decision filed 10/6/98 is approved, adopted and incorporated as this Court's order with one exception; the recommendation that mother and father meet with the child's therapist is not approved, adopted and incorporated and shall be vacated at this time.
It is from this judgment entry appellant prosecutes his appeal, assigning following as error:
 WHETHER THE TRIAL COURT ERRED IN DENYING VISITATION BETWEEN JEREMIAH BRUMFIELD AND HIS FATHER, LEONARD BRUMFIELD, AS SUCH A FINDING IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE, AND AN ABUSE OF DISCRETION.
 I.
In his sole assignment of error, appellant argues the trial court erred in denying him visitation with his son Jeremiah. Parental rights of visitation are within the sound discretion of the trial court, and its discretion must be exercised in a manner which best protects the interests of the child. In re:Whaley (1993), 86 Ohio App.3d 304, 317, citing Booth v. Booth
(1989), 44 Ohio St.3d 142.
The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
In making its determination, the trial court considered the testimony of the guardian ad litem:
 [The guardian ad litem] reports radical positive change since he has been placed with his brother and sister-in-law. His grades are good and he is not so frightened he can not talk to the [guardian ad litem]. Still no psychological evaluation from mother. Father still not in counseling. [Jeremiah's therapist] recommends no visits between Jeremiah and his parents. [Jeremiah's therapist] says parents must work on their individual problems first before proceeding to family counseling.
We find no abuse of discretion in the trial court's continued no contact order.
Appellant argues he has been unfairly deprived of visitation with his son, and yet appellant refused to take the necessary steps to remedy the situation. Appellant failed to attend court ordered counseling and an ordered parent effectiveness training program. Further, appellant's positive strides in obtaining the ordered psychological evaluation cannot be viewed in a vacuum. The trial court was also concerned with Jeremiah's readiness for visitation with appellant. In light of the recommendations of Dr. Humphries, Jeremiah's therapist, we find the trial court's decision to continue the no contact order was not unconscionable, arbitrary, or unreasonable.
Appellant's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, J., Wise, P.J. and Gwin, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGE
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
---------------------------
---------------------------
 --------------------------- JUDGES