OPINION
Plaintiff Patricia Utt appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, which reduced the amount of child support defendant John E. Utt pays to support the parties' minor child. Appellant is pro se and does not assign a formal error to the trial court, but argues in her brief the trial court erred in overruling her objections to the magistrate's decision reducing appellee's child-support obligation, because appellant feels appellee is voluntarily underemployed. In Booth v. Booth (1989), 44 Ohio St.3d 142, the Ohio Supreme Court reiterated its holding that reviewing courts should generally apply the abuse of discretion standard to domestic relations cases, Booth at 144. In Booth, the Ohio Supreme Court specifically applied the abuse of discretion standard to the trial court's decision involving child support. The Supreme Court noted the trial court must have discretion to do what is equitable upon the facts of each case, see Cherry v. Cherry (1981), 66 Ohio St.2d 348. The term abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable" see e.g., Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 at 219. We have reviewed the record in this case, and we find it does not demonstrate the trial court abused its discretion in accepting the magistrate's decision.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, is affirmed.
GWIN, P.J. and WISE, J. CONCUR.