OPINION
On January 12, 1991, appellant, Angela Shori, and appellee, Michael Shori, were married. Three children were born as issue of said marriage, namely, Erica born February 7, 1992, Michael born August 6, 1995 and Phillip born December 16, 1996. On March 24, 2000, the parties filed a petition for dissolution. By judgment entry filed May 15, 2000, the trial court granted the parties a dissolution and approved and adopted their separation agreement wherein appellee agreed to pay child support to appellant in the amount of $1,329.00 per month. This amount was changed on December 11, 2000 to $416.49 per month plus two percent processing fee.
On May 23, 2001, appellee filed a motion for order to show cause regarding appellant's filing of bankruptcy and motion to extinguish arrearages of child support. The motion regarding the bankruptcy was subsequently withdrawn. A hearing on the arrearage issue was held on August 7, 2001. By judgment entry filed same date, the trial court reduced appellee's arrearage from $5,835.99 to $1,740.24. By judgment entry filed October 10, 2001, the trial court approved and adopted appellee's proposed findings of fact and conclusions of law filed on August 20, 2001.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING A REDUCTION IN APPELLEE'S CHILD SUPPORT ARREARAGES WHERE APPELLEE'S FAILURE TO PAY CHILD SUPPORT CAUSED THE REMOVAL OF THE CHILDREN FROM DAY CARE. APPELLEE IS NOT ENTITLED TO BENEFIT FROM HIS MISCONDUCT.
 II. THE TRIAL COURT'S DECISION TO REDUCE APPELLEE'S CHILD SUPPORT ARREARAGES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE APPELLEE'S NONPAYMENT OF CHILD SUPPORT CAUSED THE REMOVAL OF THE CHILDREN FROM DAY CARE.
 I, II
Appellant's two assignments of error challenge the trial court's post-dissolution reduction of appellee's child support arrearage. Appellant claims there is insufficient evidence to support the reduction and appellee should not be rewarded for failing to pay support that caused her to take the children out of daycare. We disagree.
A trial court's determination on child support will not be disturbed on appeal absent an abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610.
Appellant's financial worksheet with the original separation agreement averred that she was paying $12,615.00 annually for daycare expenses and appellee did not dispute this. T. at 7, 24, 36. Appellee had agreed to contribute to the daycare of the children. T. at 27. Approximately two months after the dissolution, appellee discovered the children were no longer in daycare and requested a reduction in child support. T. at 12-13. Appellant explained she terminated daycare for the children because appellee was not paying her the full child support obligation and she had to make ends meet. T. at 37. Appellee agreed it would be difficult for appellant to keep the children in daycare without full child support payments from him. T. at 21-22, 26-27. Appellee did not pay his full child support obligation each month. T. at 15-16. Appellee lost his job in June, 2000, but found another job "about a month right after." T. at 17, 27.
After appellant terminated daycare, she sought assistance from her parents and the child support agency. T. at 37-38. Appellant testified if appellee had been current in his child support, she would not have terminated daycare. T. at 38. Appellant stated "I either put my children in daycare and work or I don't work." T. at 49. Appellant preferred daycare over burdening her parents. T. at 40-42.
As a result of the parties' testimony, the trial court reduced appellee's arrearage by the amount that was not actually paid for daycare, reducing his child support obligation from June, 2000 to November, 2000 to $669.98 per month. See, Proposed Findings of Fact and Conclusions of Law filed August 20, 2001, approved and adopted by the trial court via Judgment Entry filed October 10, 2001.
Based upon the facts in evidence, we cannot find that the trial court erred in reducing appellee's arrearage as a result of the unpaid daycare expense. We are mindful that the ones who are being punished are the children who have had their established routine changed. Absent a finding that appellee willfully was underemployed or willfully failed to provide child support, we cannot say as a matter of public policy that the trial court's decision was in error. Although we sympathize with the plight of appellant, we cannot say the trial court abused its discretion. It would be equally unjust to award appellant funds for money she did not expend.
Assignments of Error I and II are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.
FARMER, J., HOFFMAN, P.J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed.