OPINION
{¶ 1} This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 2} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 3} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 4} Appellant Christopher Moog and Appellee Sheryl Moog, hka Hancock are the parents of two minor children: Talea Jean Hancock (D.O.B. 5/19/1989) and Brandon Moog (D.O.B. 12/13/1997).
 {¶ 5} On June 12, 20002, the Tuscarawas County Child Support Enforcement Agency filed a Complaint to Establish Child Support.
 {¶ 6} By Judgment Entry dated July 28, 2000, the Administrative Orders regarding child support and related matters were adopted by the trial court. Appellant was granted "reasonable visitation rights with the child as agreed upon between the parties."
 {¶ 7} On September 20, 200, Appellant filed a motion to modify visitation, child support and related matters for the reason that Appellant was preparing to move to North Carolina.
 {¶ 8} On March 12, 2001, the parties filed an Agreed Judgment Entry stating that Appellant was granted two (2) weekends of visitation in Ohio, each visit beginning with a supervised visitation session of two (2) hours conducted at Personal and Family Counseling Services (PFCS), followed by Appellant having the children unsupervised for the remainder of the weekend. Appellant was also granted four (4) weeks visitation with Talea at Appellant's home.
 {¶ 9} On May 21, 2001, the Tuscarawas County Child Support Enforcement Agency filed a contempt action against Appellant for non-payment of child support.
 {¶ 10} On July 30, 2001, a hearing was held on the issues of contempt and visitation.
 {¶ 11} On September 27, 2001, the minor daughter Talea was interviewed in camera.
 {¶ 12} On October 19, 2001, the Magistrate filed his decision recommending Appellant have supervised visitation at PFCS. Appellant was also instructed to participate in parenting classes and anger management classes prior to the allowance of any unsupervised visitation.
 {¶ 13} On November 2, 2001, appellant filed objections to the Magistrate's Decision.
 {¶ 14} On Janaury 25, 2002, appellant filed supplemental objections to the Magistrate's Decision.
 {¶ 15} On March 4, 2002, a hearing was held on appellant's objections to the Magistrate's Decision.
 {¶ 16} On March 27, 2002, the trial court overruled appellant's objections to the Magistrate's Decision and adopted same, with the exception of Finding of Fact No. 11 which was changed by agreement of the parties.
 {¶ 17} It is from this decision which Appellant appeals, assigning the following errors for review:
ASSIGNMENTS OF ERROR
I.
 {¶ 18} "THE TRIAL COURT'S FAILURE TO ESTABLISH A REASONABLE AND SPECIFIC VISITATION SCHEDULE IS CONTRARY TO LAW AND CONSTITUTES AN ABUSE OF THE TRIAL COURT'S DISCRETION."
II.
 {¶ 19} "THE TRIAL COURT'S ORDER FOR THE APPELLANT TO ATTEND PARENTING AND ANGER MANAGEMENT CLASSES, AS WELL AS FOR THE APPELLANT TO HAVE ONLY SUPERVISED VISITATION IN OHIO, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONSTITUTES AN ABUSE OF THE TRIAL COURT'S DISCRETION."
III.
 {¶ 20} "THE TRIAL COURT ERRED AND ABUSED IT'S [SIC] DISCRETION BY FINDING THAT THE APPELLANT HAD NOT MAINTAINED CONTACT WITH THE MINOR CHILDREN AND BY FAILING TO ORDER APPELLEE TO CONTINUE TO INITIATE TELEPHONE CONTACT BETWEEN APPELLANT AND THE MINOR CHILDREN."
IV.
 {¶ 21} "THE TRIAL COURT ERRED IN ALLOWING EVIDENCE TO BE INTRODUCED WHICH CONFUSED THE ISSUES."
V.
 {¶ 22} "THE TRIAL COURT ERRED BY FAILING TO ACT IN THE BEST INTEREST OF THE CHILDREN."
 I., II. {¶ 23} Appellant argues that the visitation schedule established by the trial court is against the manifest weight of the evidence and is contrary to law. We disagree.
 {¶ 24} R.C. § 3109.051(D) sets forth certain factors that the trial court shall consider for the best interests of the child concerning visitation or companionship matters.
 {¶ 25} R.C. § 3109.051 provides in pertinent part:
 {¶ 26} "(D) In determining whether to grant companionship or visitation rights to a parent, grandparent, relative, or other person pursuant to this section or section 3109.11 or 3109.12 of the Revised Code, in establishing a specific visitation schedule, and in determining other visitation matters under this section or section 3109.11 or 3109.12 of the Revised Code, the court shall consider all of the following factors:
 {¶ 27} "(1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity;* * *
 {¶ 28} "(2) The geographical location of the residence of each parent and the distance between those residences; * * *
 {¶ 29} "(3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;* * *
 {¶ 30} "(4) The age of the child;
 {¶ 31} "(5) The child's adjustment to home, school, and community;
 {¶ 32} "(6) If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to visitation by the parent who is not the residential parent or companionship or visitation by the grandparent, relative, or other person who requested the companionship or visitation, as to a specific visitation schedule, or as to other visitation matters, the wishes and concerns of the child, as expressed to the court;
 {¶ 33} "(7) The health and safety of the child;
 {¶ 34} "(8) The amount of time that will be available for the child to spend with siblings;
 {¶ 35} "(9) The mental and physical health of all parties;
 {¶ 36} "(10) Each parent's willingness to reschedule missed visitation and to facilitate the other parent's visitation rights, and if the person who requested companionship or visitation is not a parent, the willingness of that person to reschedule missed visitation;
 {¶ 37} "(11) In relation to visitation by a parent, whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 38} "(12) In relation to requested companionship or visitation by a person other than a parent, whether the person previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether the person, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of an offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that the person has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 39} "(13) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to visitation in accordance with an order of the court;
 {¶ 40} "(14) Whether either parent has established a residence or is planning to establish a residence outside this state;
 {¶ 41} "(15) Any other factor in the best interest of the child."
 {¶ 42} A trial court's decision regarding visitation will not be reversed absent an abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 144. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 43} We find that the trial court did not abuse its discretion in awarding appellant only supervised visitation in Ohio since such decision was not arbitrary, unreasonable or unconscionable.
 {¶ 44} In the October 19, 2001 Magistrates Decision, the court stated: "Christopher Moog showed no appreciation for the danger of allowing children to be on the beach and near the Atlantic Ocean without adult supervision."
 {¶ 45} The trial court went on to state "By his own testimony, Christopher Moog demonstrated he did not know what his daughter did or did not actually do while she was visiting with him during the summer." See Magistrates Decision dated October 19, 2001, Recommendation No. 4.
 {¶ 46} That portion of Assignment of Error II concerning the trial court's order to attend parenting and anger management classes shall be addressed with Assignment of Error 4.
 {¶ 47} Base on the foregoing, we find Appellant's Assignment of Errors I and II not well taken.
 III. {¶ 48} Appellant argues that the trial court erred in finding that he had not maintained contact with the minor children. We disagree.
 {¶ 49} The Magistrate's Decision of October 19, 2001, was based on evidence presented July 30, 2001, and referred back to the last previous hearing held on March 12, 2001.
 {¶ 50} Appellant mistakenly read said decision to address the period from July 30, 2001, the date of the last hearing, to October 19, 2001, the date of the Magistrate's Decision. The trial court did not have any evidence before it as to this time period and therefore could not and did not make any findings concerning same.
 {¶ 51} Appellant's Assignment of Error III is overruled.
 IV. {¶ 52} Appellant argues that the trial court erred by allowing evidence of his temper and his lack of adequate supervision of the children, thereby confusing the issues. We disagree.
 {¶ 53} At trial, evidence was presented that Appellant threatened Appellee in the presence of their children. (T. at 85). Evidence was also presented that Appellant's girlfriend struck their daughter Talea in the face (T. at 64), and that Appellant felt that same was justified under certain circumstances. (T. at 39). Furthermore, Appellant made a threatening gesture to Appellee while he was on the stand testifying, in the presence of the Magistrate. (T. at 40).
 {¶ 54} As stated in Assignment of Error I, II, the trial court also had ample evidence before it concerning Appellant's lack of appropriate supervision warranting the need for parenting classes.
 {¶ 55} Based on the above, we find the trial court did not err in ordering Appellant to attend anger management and parenting classes.
 {¶ 56} Assignment of Error IV is overruled.
 V. {¶ 57} In the fifth and last assignment of error, Appellant argues that the trial court's visitation order is not in the best interest of the children. We disagree.
 {¶ 58} As stated supra, R.C. § 3109.051(D) sets forth those factors that the trial court shall consider for the best interests of the child concerning visitation or companionship matters.
 {¶ 59} Based on our decisions in Assignments of Error I through IV, we find that the trial court did not err in allowing Appellant only supervised visitation in Ohio.
 {¶ 60} Assignment of Error V is overruled.
 {¶ 61} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is hereby affirmed.
By: Boggins, J., Hoffman, P.J. and Gwin, J. concur.
Topic: R.C. 3109.051(D)