OPINION.
{¶ 1} This is an appeal from the judgment of the Allen County Court of Common Pleas which modified child support and declined to modify spousal support owed by Plaintiff-appellee/Cross-appellant, Eric Bostick ("Eric") to Defendant-appellant/Cross-appellee, Lauren Bostick ("Lauren").
 {¶ 2} On February 29, 1998, Eric and Lauren were divorced. At the time of the divorce, Eric earned approximately $600,000 per year while Lauren was a housewife and unemployed outside of the home. In the divorce decree, Eric was ordered to pay $2,435.64 per month per child for three minor children and was ordered to pay Lauren $3,200 per month in spousal support for five years. In the decree, the trial court reserved jurisdiction to modify the amount of spousal support. On October 21, 1999, Eric's child support payments were raised to $3,201.72 per month per child for three minor children. On October 30, 2001, Lauren filed another motion to increase child and spousal support.
 {¶ 3} On April 30, 2002, a hearing was held on the matter. At the hearing, it was established that one of Eric and Lauren's children would be emancipated on May 26, 2002 leaving two minor children in Lauren's care. It was also established that Eric's salary had increased to approximately $1,100,000 per year while Lauren remained unemployed.
 {¶ 4} On June 11, 2002, the magistrate filed its decision overruling the motion to modify spousal support as Lauren has made no effort to improve herself in order to obtain employment. In her order, the magistrate also found that the child support would be modified to $1,338.38 per child. Both parties filed objections to the magistrate's report. Upon reviewing the magistrate's report, the trial court found after reviewing the testimony regarding the family home, the children's belongings and activities that an additional order of $10,000 per year of child support was necessary to reflect the children's standard of living. This resulted in a monthly child support payment of $2,166.71 per child per month for two children.
 {¶ 5} Lauren now appeals asserting three assignments of error, and Eric cross-appeals asserting a single assignment of error. We will discuss the first, second and cross-assignments of error first.
 First Assignment of Error The trial court erred in affirming the magistrate's decision to reducethe monthly per child award of support.
 Second Assignment of Error The trial court erred in failing to increase the monthly per childaward of support per Defendant/Appellant's request.
 Cross-assignment of Error The trial court erred in increasing the magistrate's order of childsupport.
 {¶ 6} An appellate court will not reverse a trial court's child support order absent an abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142. An abuse of discretion requires a conclusion that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 7} The relevant statutes governing this case include R.C.3119.04, R.C. 3119.22 and 3119.23 which were duly incorporated in the analysis of the magistrate and the trial court. Upon reviewing the record and the applicable law, we can find no relevant statutory factors that were ignored which could have prejudiced Lauren.[1] Furthermore, as the trial court is accorded discretion to fashion the amount of a child support award and it thoroughly discussed its reasons for doing so, we cannot find that the trial court abused its discretion. Consequently, Lauren's first and second assignment of errors and Eric's cross-assignment of error are overruled.
 Third Assignment of Error The trial court erred in denying Appellant's request for an increasein spousal support.
 {¶ 8} An appellate court reviews the modification of spousal support under an abuse of discretion standard. Booth v. Booth (1989),44 Ohio St.3d 142, 144. An abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 9} R.C. 3105.18(E) states that where a divorce decree provides for future modifications of spousal support the court may modify the amount or terms of a spousal support order upon a determination that "the circumstances of either party have changed." A "change of circumstances" includes, but is not limited to "* * * any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." See R.C. 3105.18(F).
 {¶ 10} In this case, the trial court found that a change of circumstances occurred when Eric's income increased from approximately $600,000 per year to approximately $1,100,000 per year. However, the trial court also found that Eric's income was the only circumstance that changed since the original allocation of spousal support and noted that Lauren has done nothing since the divorce to improve her earning potential and has made numerous bad loans and gifts to charities and individuals in excess of $90,000. Consequently, we cannot find that the trial court abused its discretion in failing to increase Lauren's spousal support and Lauren's third assignment of error is overruled.
 {¶ 11} Based on the foregoing, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT, P.J. and WALTERS, J., concur.
[1] Lauren argues that since Eric's income increased that the child support should increase rather than decrease. However, significant revisions of Chapter 31 of the Ohio Revised Code have occurred since her last child support modification which do not support Lauren's assertions. See former R.C. 3113.215(B)(2)(b) which calculated the minimum amount of child support based on a percentage of the parents' income.