DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court following the November 13, 2002 judgment entry of the Wood County Court of Common Pleas, Domestic Relations Division, which granted, in part, appellee Ezequiel Gonzalez's objections to the February 14, 2002 magistrate's decision. Appellant, Elvira Gonzalez, raises the following assignments of error:
 {¶ 2} "Assignment of Error No. 1
 {¶ 3} "The trial court abused its discretion by reducing the amount of a monetary judgment without any basis in law or in equity for said reduction.
 {¶ 4} "Assignment of Error No. 2
 {¶ 5} "The trial court erred in reducing the child support amount payable by appellee to appellant and commencing the child support on a date that bore no relation to either the facts or the law."
 {¶ 6} The relevant facts are as follows. On September 29, 1999, appellee filed a divorce complaint against appellant, Elvira Gonzalez. A final consent judgment entry of divorce was filed on August 14, 2000. Incorporated in the judgment entry was a separation agreement and shared parenting plan. According to the shared parenting plan, all spousal support and child support were waived and appellee was designated as the residential parent of the parties' minor child.
 {¶ 7} The separation agreement provided, in part:
 {¶ 8} "Wife shall also receive $75,000.00 from Husband's PERS Deferred Compensation Account which shall be transferred to Wife's name or to Wife's account pursuant to a Qualified Domestic Relations Order or Qualified Domestic Relations-type Order which will transfer said amount to Wife's name free and clear of any claim of Husband as a nontaxable event. Thereafter, Wife shall be solely responsible for any taxes or penalties which might be associated with the withdrawal of said amount."
 {¶ 9} A Qualified Domestic Relations Order ("QDRO"), signed by the parties and approved by the court, was also attached to the judgment entry. The QDRO provided that the assignment date of the benefits be July 24, 2000, and that:
 {¶ 10} "The Alternate Payee shall be entitled to receive the portion of the Plan benefits assigned to her hereunder as of the Assignment Date, plus actual earnings and losses accrued to her portion after the Assignment Date through the date the assigned benefit is distributed to the Alternate Payee. Such distribution shall be paid in accordance with the Plan as soon as administratively possible." The QDRO was ultimately rejected by appellee's PERS Deferred Compensation Plan and the transfer did not occur.
 {¶ 11} On February 16, 2001, appellant filed a motion for restraining order, to modify parental rights and responsibilities, and for return of personal property. Appellant requested that the court restrain appellee from removing funds from his deferred compensation account, requested that the court designate appellant as the residential parent, and requested that the court order appellee to return certain household goods and property that were improperly removed.
 {¶ 12} A hearing was held on the motion on December 21, 2001. As to the issues on appeal, appellee testified that in March 2001, without penalty, appellee withdrew $50,000 from his deferred compensation account. Appellee admitted that this withdrawal dropped the remaining amount below $75,000, the amount awarded to appellant by the separation agreement. Appellee stated that prior to his withdrawal, the account had suffered a loss of approximately $6,000. Appellee testified that, in addition to the $52,000 left in the account, he believed that he owed appellant $16,409.52, or a total of $68,409.52, which reflected the losses the account suffered following the assignment date.
 {¶ 13} Appellee testified that he retired in January 2001, and that his monthly gross income is $2,800. Appellee stated that he has no other forms of income.
 {¶ 14} Regarding custody of his minor son, appellee testified that after October or November 2000, his son primarily resided with appellant. Appellee stated that his son stays with him on the weekends and eats supper at his home five or six nights a week.
 {¶ 15} Appellant testified that her yearly gross income is approximately $38,000. Appellant stated that the parties' son had resided primarily with her since July 2000. Appellant stated that she needed financial help with caring for their son. The magistrate also conducted an in-camera interview of the parties' minor son.
 {¶ 16} The magistrate's decision was issued on February 14, 2002. The magistrate found that appellee was required to pay to appellant the difference between the $75,000 ordered paid in the divorce decree and the value of the QDRO at the time of transfer. The magistrate further ordered appellee to pay $289.11 per month in child support, noting that the sum was a 20 percent statutory deviation.
 {¶ 17} On June 28, 2002, appellee filed objections to the magistrate's decision. Appellee claimed that as to appellant's $75,000 deferred compensation award, the magistrate failed to account for the losses accrued from the date of the assignment, July 24, 2000, through March 31, 2001, and appellant's tax savings due to appellee's withdrawal. Appellee further requested that the court conduct an additional interview with the parties' son in order to clarify issues regarding his schedule.
 {¶ 18} The trial court issued its judgment entry on the objections on November 13, 2002. The court ordered that the entire balance of appellee's deferred compensation plan, $52,000, be transferred to appellant and that appellee pay appellant the sum of $16,620.42, representing the money improperly withdrawn by appellee and the losses suffered by the account after the assignment date. The court upheld the magistrate's decision as it related to the child support award. This appeal followed.
 {¶ 19} We first note that absent an abuse of discretion, a court's decision as to domestic relations matters will not be disturbed on appeal. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1984), 5 Ohio St.3d 217, 219.
 {¶ 20} Appellant contends, in her first assignment of error, that the trial court erroneously reduced the amount that appellant was to receive from appellee's deferred compensation account. Appellant argues that the division of property in a divorce is not modifiable. Appellee, conversely, asserts that based upon the language contained in the QDRO the trial court did not "reduce" the award; appellant was awarded her full $75,000 minus the actual losses incurred after the assignment date.
 {¶ 21} Upon careful review of the record in this case and the arguments of the parties, we cannot say that the trial court abused its discretion in awarding appellant $68,000, representing the balance remaining in the account and the sum ordered paid by appellee, offset by the losses the account sustained. Further, as to the argument that appellee had "unclean hands" as a result of the $50,000 he improperly withdrew from the account, we note that the court did order appellee to pay the costs of the action as well a appellant's attorney fees. Accordingly, we find that appellant's first assignment of error is not well-taken.
 {¶ 22} In appellant's second assignment of error she argues that the trial court erroneously ordered a 20 percent deviation from the statutory child support guidelines and commenced the order on an arbitrary and improper date.
 {¶ 23} R.C. 3119.22 permits a trial court to order a child support amount which deviates from the standard child support schedule. However, in shared parenting situations, in order to deviate from the schedule the court must first find, under R.C. 3119.24, "extraordinary circumstances" or any of the 16 factors enumerated under R.C. 3119.23. The court must also submit findings of fact that support its determination that ordering a party to pay the child support amount provided in the schedule "would be unjust or inappropriate and would not be in the best interest of the child ***." R.C. 3119.24(A)(2).
 {¶ 24} Upon review of the trial court's November 13, 2002 judgment entry, we find that the court failed to set forth its reasons for a 20 percent deviation from the child support schedule. Thus, the court erred as to such order.
 {¶ 25} Regarding the effective date of the support order, we agree with appellant that child support modification orders are generally effective retroactive to the date the motion was filed. See Hamilton v.Hamilton (1995), 107 Ohio App.3d 132. At this juncture, we shall leave it to the trial court to determine whether the date it specified, February 16, 2002, was intended or was an oversight.
 {¶ 26} Appellant's second assignment of error is well-taken.
 {¶ 27} On consideration whereof, the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and remanded to such court for a determination of the parties' child support obligations. Costs of this appeal are assessed equally between the parties.
 JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.