OPINION
{¶ 1} On September 6, 2000, appellant, Nancy Ridenour nka Nancy Bradfield, and appellee, Chris Ridenour, were granted a divorce. A shared parenting plan regarding the parties' three children was filed on September 7, 2000. Pursuant to the agreement, appellee and the children were to move to Texas and appellant was to follow shortly thereafter. Appellant never moved to Texas.
 {¶ 2} On April 5, 2002, appellant filed a motion to modify allocation of parental rights and responsibilities. Appellee filed a similar motion on January 15, 2003. A hearing before a magistrate commenced on May 13, 2003. By decision filed July 30, 2003, the magistrate recommended the termination of the shared parenting plan and the allocation of appellee as the residential parent and legal custodian of the children. The magistrate also recommended that appellant pay $1,168.78 per month for child support effective January 15, 2003.
 {¶ 3} On August 29, 2003, appellant filed objections to the magistrate's decision. By judgment entry filed October 10, 2003, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 4} On April 28, 2004, appellant filed a motion to modify child support. A hearing before a magistrate was held on July 26, 2004. By decision filed August 3, 2004, the magistrate recommended the lowering of appellant's child support obligation to $798.00 per month effective April 28, 2004.
 {¶ 5} On August 17, 2004, appellant filed objections to the magistrate's decision. By judgment entry filed November 19, 2004, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "The trial court erred and abused its discretion to the prejudice of the defendant-appellant by not allowing appellant to complete her discovery before the trial court considered her motion to modify child support."
 II {¶ 8} "The trial court erred and abused its discretion to the prejudice of the defendant-appellant by the trial court claiming that it is not able to backdate her child support obligation and declare an overpayment by giving her full credit for her past child support overpayment."
 III {¶ 9} "Whether the trial court erred and abused its discretion to the prejudice of the defendant-appellant by not considering the defendant-appellant's day care costs when determining the parties respective child support obligations."
 I {¶ 10} Appellant claims the trial court erred in denying her adequate time to complete her discovery regarding appellee's actual daycare expenses. We disagree.
 {¶ 11} Appellant did not make a request for additional time for discovery until November 15, 2004. This was over three months after the magistrate's hearing on the issues raised by appellant's April 28, 2004 motion to modify child support, June 2, 2004 emergency motion for additional deviation of child support and June 28, 2004 motion for deviation of child support for appellee's day care costs, and three months after the magistrate's findings and subsequent objections.
 {¶ 12} The request for additional discovery was made during the pending objections to the magistrate's decision. Pursuant to Civ.R. 53(E)(4)(b), upon the filing of objections, the trial court "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." The trial court may refuse to consider additional evidence "unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration."
 {¶ 13} A request for additional time for discovery was not filed from the time of the filing of the modification motion to the magistrate's hearing on June 26, 2004. In fact, the request was not made until four days prior to the trial court's ruling on the objections which had been filed three months before. Therefore, we conclude appellant's request to expand the discovery time and/or hear new evidence did not meet the requirements of Evid.R. 53(E)(4)(b).
 {¶ 14} Assignment of Error I is denied.
 II, III {¶ 15} Appellant claims the trial court erred in overruling her objections to the magistrate's decision. We disagree.
 {¶ 16} Appellant's objections centered on the issue of appellee's daycare expenses. Appellant argued they were much less than represented and a new audit of those expenses should have been made. Appellant now claims the trial court erred in not giving her a retroactive overpayment for child support.
 {¶ 17} The magistrate's August 3, 2004 decision and the trial court's November 19, 2004 judgment entry lowered appellant's child support obligation to be effective on April 28, 2004, the date of the filing of appellant's motion to modify.
 {¶ 18} The trial court has within its discretion the right to retroactively modify child support payments. Booth v. Booth
(1989), 44 Ohio St.3d 142. The date of the filing of the motion or the hearing date is an available date. The trial court did not abuse its discretion in choosing the earlier date.
 {¶ 19} Pursuant to Evid.R. 53(E)(3)(c), "any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact." Absent a transcript, the trial court and this court must presume regularity in the proceedings on any finding of fact made. Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197. A transcript of the July 26, 2004 magistrate's hearing was not filed in this case.
 {¶ 20} Appellant may argue that pursuant to Evid.R. 53(E)(4)(b), the needed facts were unavailable. However, as discussed in the previous assignment of error, a request for discovery or a motion to compel discovery was not filed prior to the hearing. Also, appellant did not file a request for a continuance of the hearing.
 {¶ 21} Upon review, we find the trial court did not err in stating no evidence had been presented on the issue. A party who seeks an affirmation of a proposition has the burden of proving it. Appellant sought to challenge appellee's daycare expenses but failed to do so.
 {¶ 22} Assignments of Error II and III are denied.
 {¶ 23} The judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division is hereby affirmed.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division is affirmed.