OPINION
{¶ 1} On April 13, 1998, appellee, Terry Lee Maness, gave birth to a boy. Father of the child is appellant, Randall Compton, established by a paternity test administered by the Child Support Enforcement Agency (hereinafter "CSEA"). Thereafter, CSEA commenced an action with the Juvenile Court of Ashland County, Ohio to establish child support. A hearing was held on December 6, 2006. By judgment entry filed December 13, 2006, the trial court ordered appellant to pay $522.02 per month in child support.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "THE COURT ERRED IN CALCULATING DEFENDANT-APPELLANT'S CHILD SUPPORT OBLIGATION BY NOT TAKING INTO ACCOUNT HIS AVERAGE INCOME FOR THE THREE YEARS PRIOR TO THE HEARING." *Page 3 
 II {¶ 4} "THE CHILD SUPPORT ENFORCEMENT AGENCY ERRED IN CALCULATING DEFENDANT-APPELLANT'S CHILD SUPPORT OBLIGATION BY NOT TAKING INTO ACCOUNT HIS AVERAGE INCOME FOR THE THREE YEARS PRIOR TO THE HEARING."
 III {¶ 5} "THE COURT ERRED IN DETERMINING DEFENDANT-APPELLANT'S POTENTIAL INCOME FOR CHILD SUPPORT PURPOSES."
 I, II, III {¶ 6} Appellant's three assignments of error challenge the trial court's decision on child support. Appellant claims the trial court failed to average his income over a three year period, and erred in assigning potential income to him. We disagree.
 {¶ 7} The standard of review of an appellate court in a domestic relations matter concerning child support is abuse of discretion.Booth v. Booth (1989), 44 Ohio St.3d 142. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 8} The child support enforcement agency arrived at a child support amount by using appellant's 2003 salary, and did not consider appellant's reduced salary in 2004 ($4,259.00) and his lack of a salary in 2005. Appellant argues the three years should have been averaged in arriving at the child support amount. R.C. 3119.05 governs requirements when a court computes child support. Subsection (H) states, *Page 4 
"When the court or agency calculates gross income, the court or agency, when appropriate, may average income over a reasonable period of years."
 {¶ 9} Appellant argues R.C. 3119.05(H) permits income averaging. Further, appellant argues there was no verification of appellee's income save for appellee's own testimony. Appellant argues his income was not verified, and the trial court erred in relying on the testimony of a caseworker in violation of R.C. 3119.05(A) which states:
 {¶ 10} "(A) The parents' current and past income and personal earnings shall be verified by electronic means or with suitable documents, including, but not limited to, paystubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns."
 {¶ 11} In the child support worksheet attached to the judgment entry of the trial court, appellant's total annual gross was listed as $37,577.99, and appellee's was listed as $33,072.00. The final child support amount was determined to be $522.02. There was no award of arrearages from the date of the filing of the September 22, 2006 complaint.
 {¶ 12} Appellant challenges the verification of appellee's income. The record reveals appellee provided verification of her income of $33,072.00 per year to CSEA, and further, appellee provided healthcare coverage for the child via her employment. T. at 6, 8. In fact, appellant's trial counsel cross-examined appellee using her "paystub." T. at 14. We find the determination of appellee's salary was verified pursuant to R.C. 3119.05(A). *Page 5 
 {¶ 13} Appellant's income was determined by his 2003 salary with CRX Railroad. T. at 25, 34, 36, 40-41. Appellant earned $4,259.00 in 2004, and his 2005 income tax return reported only his wife's income. T. at 27, 35. Appellant failed to complete the financial packet provided by CSEA for the determination of his income. T. at 27. Appellant provided Exhibit C, a document from a doctor stating appellant was "disabled and unable to work." T. at 31. When requested by CSEA to provide other verification, appellant stated "he cannot work and he can't provide us with anything." T. at 32.
 {¶ 14} Contra to appellant's documentation of his inability to work was appellee's testimony of appellant planning to re-file his disability claim with CRX when he saw that his job position was about to be terminated for lack of work. T. at 12, 16. Despite appellant's disability, he was assigned light-duty at CRX, and it was during this time period that he made the income used in the computation sheet. Eventually appellant's job position was terminated, and the record does not demonstrate any attempt by him to seek other employment. Despite his unemployment, appellant paid appellee $200.00 a month on-and-off up to the filing of this action. T. at 10-11. We conclude the trial court did not err in impugning the income of $37,577.29 to appellant. This income was earned despite his disability. Appellant did not present any evidence of his attempts to secure light or similar employment in the ensuing years.
 {¶ 15} Upon review, we find the trial court's determination to be supported by the evidence and the inferences that can logically be made from the testimony.
 {¶ 16} Assignment of Errors I, II, and III are denied.
 {¶ 17} The judgment of the Court of Common Pleas of Ashland County, Ohio, Juvenile Division is hereby affirmed.
Farmer, P.J. Wise, J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, Juvenile Division is affirmed. *Page 1