BOOTH, APPELLEE, *v.* BOOTH, APPELLANT.

[Cite as Booth *v.* Booth (1989), 44 Ohio St. 3d 142.]

(No. 88-614—Submitted April 12, 1989—Decided July 26, 1989.)

*Tribbie & Scott* and *James R. Scott*, for appellee.

*Russell H. Booth, Jr.*, for appellant.

SWEENEY, J. The issues presented in this appeal concern whether the trial court's orders of child support and division of property constitute an abuse of discretion.

The defendant-appellant husband contends that the trial court abused its discretion by failing to deviate from the Child Support Guidelines in such a way as to achieve an equitable award. The husband submits that the higher cost of living in the New York City area where he resides should have been fully taken into account, because the child support payments he must make as ordered by the trial court total $100 per month more than he has left over after paying his own expenses. The husband also argues that the support order is too high because the needs of the children are minimal. In this vein, the husband asserts that the wife has no rent or gas bills to pay in a residence that is owned by her grandparents. With regard to the division of property order, *i.e.*, the trial court's order that the marital residence be sold and the net proceeds be divided equally between the parties, the husband contends that this is unfair because it will be far costlier for him to find replacement housing in the New York City area than it would be for the wife to find comparable housing in Guernsey County. The husband argues that such an equal division of the net proceeds will result in a "windfall" to the wife because the dollars will buy more in Guernsey County than in the New York City area. The husband submits that a more equitable approach would be to permit him to continue living in the marital residence and pay the wife approximately $15,000 which would represent her equity interest that was built up in the home during the marriage.

The plaintiff-appellee wife argues that the trial court in the exercise of its discretion did in fact recognize and take into account the disparity in the parties' respective costs of living, and that such is evidenced by the court's use of the husband's "net income" rather than "gross income" in determining the instant award of child support. The wife contends that the child support order is fair and equitable, and that the mere facts that the parties reside in different geographic areas and that one party has a higher cost of living does not *require* the trial court to deviate from the Child Support Guidelines, even though in this case it did in fact do so. With respect to the division of property order, the wife submits that this too was within the trial court's discretion and that the court did recognize that the division of property does not necessarily have to be equal. However, the wife points out

that after considering the various factors set forth in R.C. 3105.18 and all other relevant factors in this cause, the trial court properly found no equitable basis for any division of the property other than an equal one.

In general, when reviewing the propriety of a trial court's determination in a domestic relations case, this court has always applied the "abuse of discretion" standard. This has been true in cases reviewing an order relating to alimony, see *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 5 OBR 481, 450 N.E. 2d 1140; a division of the marital property, see *Martin* v. *Martin* (1985), 18 Ohio St. 3d 292, 18 OBR 342, 480 N.E. 2d 1112; or a custody proceeding, see *Miller* v. *Miller* (1988), 37 Ohio St. 3d 71, 523 N.E. 2d 846. Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, see *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 355, 20 O.O. 3d 318, 322, 421 N.E. 2d 1293, 1299, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment. Upon a review of the statute governing child support, R.C. 3109.05, as well as the Child Support Guidelines set forth in C.P. Sup. R. 75, we believe that common sense and fundamental fairness compel the application of the "abuse of discretion" standard in reviewing matters concerning child support and visitation rights. As this court has held many times, an " 'abuse of discretion' * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *'" See, *e.g., Blakemore, supra,* at 219, 5 OBR at 482, 450 N.E. 2d at 1142.

In the cause *sub judice,* the trial court exercised its discretion in formulating the award of child support by deviating from the Child Support Guidelines and using the husband's "net income" as a starting point, as opposed to the "gross income" figure as set forth in the Guidelines. In so doing, the trial court recognized that there was evidence presented which demonstrated a substantial difference between the cost of living in the present domiciles of the wife and husband. Having exercised its inherent discretion in a manner that was beneficial to the interests of the husband as well as those of the children involved, the trial court cannot be said to have abused its discretion as alleged by the husband.

If we were to assume, *arguendo,* that the trial court had failed to consider the respective costs of living of the parties, it *may* have indeed been "unreasonable" for the court to ignore such economic realities and, thus, the child support order *might* have amounted to an abuse of discretion. However, upon a careful review of the facts and circumstances of this cause, we find that the child support order herein was proper in all respects, and was neither unreasonable, arbitrary nor unconscionable. Accordingly, the award of child support rendered below must be affirmed.

Turning our focus to the trial court's division of the marital property which entailed ordering the sale of the marital residence, this too, as mentioned before, is governed by the "abuse of discretion" standard. *Cherry supra; Martin supra;* see, also, *Berish* v. *Berish* (1982), 69 Ohio St. 2d 318, 23 O.O. 3d 296, 432 N.E. 2d 183; and *Koegel* v. *Koegel* (1982), 69 Ohio St. 2d 355, 23 O.O. 3d 320, 432 N.E. 2d 206. In *Cherry, supra,* this court held in paragraph one of the syllabus:

"There is no presumption, rebuttable or irrebuttable, that marital property be divided equally upon divorce; rather, a potentially equal

division should be the starting point of the trial court's analysis before it considers the factors listed in R.C. 3105.18 and all other relevant facts. (*Wolfe* v. *Wolfe*, 46 Ohio St. 2d 399, explained.)"

Upon a review of the various arguments of the parties, as well as the controlling precedents, we do not believe that the trial court abused its discretion in ordering a sale of the marital residence and an equal division of the net proceeds derived from such sale. While under *Cherry* no presumption arises that marital property be divided equally, an equal division of property may still be rendered even after the trial court considers all relevant factors, including those specifically enumerated in R.C. 3105.18. Here, the trial court found "* * * no compelling reason to depart from an equal division of the marital property in this case." A review of the trial court's decision also reveals that it considered the disparity of the parties' respective housing markets, but was not persuaded that

this factor should militate against an equal division of the net proceeds derived from a sale of the marital residence. The court also considered the fact that both parties worked outside the home at various times during the marriage, and that the husband has voluntarily chosen to remain in the New York City area. In our view, the equal division ordered by the trial court is not, under these facts, unreasonable, arbitrary or unconscionable. Therefore, since the trial court did not abuse its discretion in ordering the sale of the marital residence, the decision below will be upheld.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., concurs in judgment only.