DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Allan M. Lujan, appeals from the Summit County Court of Common Pleas' order requiring that his visitation with his daughter, Lesley Marie, be supervised. We affirm.
Allan M. Lujan ("Father") and Lesley K. Lujan ("Mother") were married on February 7, 1987. Their nine-year-old daughter, Lesley Marie, was born on August 13, 1988. Father and Mother separated in September of 1994. After a two day trial, the trial court issued a divorce decree on December 31, 1996. Between the time of the separation and the final divorce decree, temporary orders restricted Father to supervised visitation with Lesley Marie. During Father's marriage to Mother, Father showered and slept with Lesley Marie, verbally abused Mother, disciplined Mother's two sons from a prior marriage in a physically-abusive manner, and beat his dogs. Father also attempted to commit suicide in the presence of Mother and Lesley Marie.
In the final divorce decree, the trial court ordered the following:
 Pursuant to R.C. 3105.051, [Father] is granted supervised visitation with the minor child, Lesley Marie. This visitation shall be supervised by either Carol Miller of Family Visitation and Mediation Services, Inc., Reverend Samuel Rittenour of Pastoral Counseling Services, Inc., or by a third-party relative of either party to which both parties agree. * * * [Father] shall engage in counseling with Dr. Michael Smith to work on his boundary issues and his difficulties communicating with [Mother] with respect to [Lesley Marie]. * * * Dr. Smith shall provide a written report to this Court when he believes that counseling has progressed to the point that [Father] is ready for unsupervised rather than supervised visitation. Upon receipt of that report by this court, further hearing may be scheduled by counsel for the parties before the Magistrate of record on the issue of the modification of said visitation without the requirement of filing further motion.
Father timely appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR
The trial court committed reversible error in ordering supervised visitation between defendant-appellant father and his minor child.
Father points out that the trial court failed to find that inappropriate sexual contact had in fact occurred between Father and Lesley Marie. Father also notes that the court-ordered psychologist concluded that "allegations of inappropriate sexual conduct between [Father] and the child appeared to be unsubstantiated." Father further highlights that the trial court did not find that his verbal abuse toward Mother or his physically abusive discipline of his stepsons or his dogs ever occurred in the presence of Lesley Marie. Father avers that the absence of the above findings demonstrates that the trial court abused its discretion by ordering supervised visitation. We disagree.
An appellate court reviews a trial court's determination of visitation rights under an abuse of discretion standard. Shannonv. Shannon (Aug. 13, 1997), Summit App. No. 18083, unreported, at 5. See Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary or unconscionable. Waggoner v. Waggoner
(1996), 111 Ohio App.3d 1, 4, appeal not allowed (1996), 77 Ohio St.3d 1445. A trial court contemplates the best interests of the child when it determines visitation rights. In re Whaley (1993), 86 Ohio App.3d 304,317. R.C. 3109.051(D) sets forth the following factors that a trial court shall consider when determining visitation matters:
 (1) The prior interaction and interrelationships of the child with his parents, siblings, and other persons * * *;
* * *
(4) The age of the child;
 (5) The child's adjustment to his home, school, and community;
* * *
(7) The health and safety of the child;
* * *
(9) The mental and physical health of all parties;
* * *
(15) Any other factor in the best interest of the child.
The court-ordered psychologist noted that Father showered and slept with Lesley Marie and asked her to keep secrets with him from Mother. Although the psychologist admitted that allegations of inappropriate conduct between Father and Lesley Marie appeared to be unsubstantiated, the psychologist also concluded that Father had a poor understanding of the boundaries of his relationship with his daughter. Testimony was presented at trial that Father took showers with Lesley Marie, verbally abused Mother, attempted to commit suicide in front of Mother and Lesley Marie, disciplined Mother's children from a prior marriage in a physically-abusive manner, and beat his dogs.
Ms. Tucker, a licensed social worker who had supervised visitations between Father and Lesley Marie, testified that Father "isn't very clear about interpersonal boundaries." Ms. Tucker further stated that at these supervised visits, Father would tickle Lesley Marie and would refuse to stop when Lesley asked him to stop. Father would also call Lesley Marie "sexy." Ms. Tucker said that Father would initiate wrestling and other games with Lesley Marie that she did not want to play. Father also began "riding" Lesley around the room "so that his stomach and crotch was sort of riding up and down on her head." Father admitted at trial that he appeared at two visitations with alcohol on his breath.
In light of the foregoing, we find that the trial court did not abuse its discretion in ordering supervised visitation. Father's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
QUILLIN, J., J.
BAIRD, J. CONCUR
 APPEARANCES:
MARY CLARE CULLEN, Attorney at Law, for Appellant.
MELISSA GRAHAM-HURD, Attorney at Law, for Appellee.