[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising one assignment of error, defendant-appellant Louis Murphy, Jr., appeals from the trial court's judgment finding him in contempt of court for failing to pay child support. Mr. Murphy contends that the trial court abused its discretion in holding him in contempt as a result of its failure to credit towards his arrearage monies that he had permitted his former wife, plaintiff-appellee Carolyn Murphy, to use for the support of their two children. We disagree.
In reviewing the propriety of a trial court's determination in a domestic relations case, we ordinarily apply an "abuse of discretion standard."[1] A trial court abuses its discretion where there is "no sound reasoning process that would support" its decision.[2]
The Murphys' decree of dissolution was journalized in September 1998. It provided that Mr. Murphy would pay child support to Mrs. Murphy. Although the decree, as initially drafted, provided that this obligation would become effective May 1, 1998, the parties agreed, prior to journalization of the decree, that the date would be moved back to July 1, 1998. The support payments were to be deducted from trust checks received monthly by Mr. Murphy.
In November 1998, Mrs. Murphy filed a motion seeking a finding of contempt against Mr. Murphy based on his failure to pay child support. She alleged that she had received no support payments until the end of September and that an arrearage in excess of $6,000 existed.
In his defense, Mr. Murphy claimed that he had permitted Mrs. Murphy to endorse, under her power of attorney, the trust checks that he had received in July and August, and that these funds were used to support their children and should have been credited towards the satisfaction of his child-support obligations. Although Mrs. Murphy acknowledged receipt of the funds, she denied that they were intended as payments for support of the children during the months of July and August. Rather, she claimed that the monies were given to her (1) in acknowledgment of the agreement, later evidenced by the modified decree, that Mr. Murphy would have no court-ordered child-support payments in May or June, and (2) for her use in paying marital debts.
Given this testimony, we are unable to conclude that the trial court abused its discretion in concluding that Mr. Murphy had failed to fulfill his child-support obligation and in finding him in contempt. We, therefore, overrule the assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
[1] Booth v. Booth (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028; see, also, Acuri v. Acuri (Nov. 3, 2000), Hamilton App. No. C-990802, unreported (applying abuse-of-discretion standard to review of contempt finding in a domestic-relations case).
[2] See AAAA Ent., Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601.