OPINION
Defendant-appellant, Patricia Ann Newsome ("appellant"), appeals from the order of the Portage County Juvenile Court restricting her visitation with her minor son to three hours a week, to be supervised by the Family Visitation and Mediation Services, Inc. of Tallmadge, Ohio.
Appellant has raised the following assignment of error for review:
 "The trial court erred in drastically restricting supervised visitation and companionship rights between appellant and her son. The court's decision failed to comply with the requirements of R.C. 3109.05(D) and was against the manifest weight of the evidence."
 Appellant contends the trial court did not consider the factors set forth in R.C. 3109.051(D) when reviewing the trial court's decision. Appellant asserts the trial court abused its discretion by only allowing her supervised visitation with Christopher. Appellant argues there was no evidence proving that she was unfit or that she fabricated her concerns that Christopher was being abused by his father. Appellant maintains the trial court's judgment was against the manifest weight of the evidence.
An appellate court does not apply a manifest weight of the evidence standard when reviewing the correctness of a trial court's determination in a domestic relations case. Rather, an abuse of discretion standard is applied. Booth v. Booth (1989), 44 Ohio St.3d 142, 144.
In Braatz v. Braatz (1998), 85 Ohio St.3d 40, the court held, at paragraph one of the syllabus, that modification of visitation rights is governed by R.C. 3109.051. Although the moving party need not show there has been a change in circumstances, the trial court must consider the fifteen factors enumerated in R.C. 3109.051(D). Id. at paragraph two of the syllabus. Factors listed in R.C. 3109.051(D) pertinent to the instant case include: (1) the prior interaction and interrelationship of the child with the child's parents, siblings, and other persons related by consanguinity or affinity; (4) the age of the child; (5) the child's adjustment to his home, school, and community; (7) the health and safety of the child; (8) the amount of time that will be available for the child to spend with siblings; (9) the mental and physical health of all parties; (10) each parent's willingness to reschedule missed visitation and to facilitate the other parent's visitation rights; and, (15) any factor in the best interest of the child.
The magistrate's decision of July 14, 1999, extensively discusses the allegations of sexual abuse and concerns about appellant's emotional and psychological stability. However, the decision makes no mention of R.C.3109.051. Thus, it does not separately apply the factors set forth in R.C. 3109.051(D). The only factor arguably considered was the mental and physical health of the parties. No other factor, including Christopher's relationship with his half-brother, was taken into consideration before the magistrate issued its decision. Under the holding of Braatz, the trial court was required to consider the factors found in R.C. 3109.051(D). While we do not require the finder of fact to make a laundry list of the fifteen factors, we do require that the magistrate tell us which factors are irrelevant and which are relevant and why. Therefore, the trial court abused its discretion by adopting the magistrate's decision which did not apply R.C. 3109.051. Under Civ.R. 53(E)(4)(b), the trial court has the authority to recommend matters to the magistrate with instructions. The trial court may also recommend other options. Thus, if the report does not comply with R.C. 3109.051, the trial court can and should remand the report to be rewritten.
Appellant's assignment of error is well taken. The judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
_________________________________________ JUDGE DIANE V. GRENDELL
CHRISTLEY, P.J., NADER, J., concur.