[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellee Pamela Harris filed for divorce from her husband, defendant-appellant Ronald Harris, in 1992. Shortly thereafter, the trial court ordered Mr. Harris to pay Mrs. Harris child support for their three children while the divorce action progressed.
In 1994, with the divorce still pending, Mr. Harris moved the court for a reduction in the amount of temporary child support that he was to have been paying. In an affidavit attached to the motion, Mr. Harris explained that he had lost his job and had also been denied unemployment and workers' compensation. Hearings to determine the merits of Mr. Harris's motion were continued at his request in June, September, and October of 1994. No entry indicates that the court ever heard the merits of the motion.
By 1995, Mr. Harris had apparently accumulated a substantial arrearage. He was found to have owed $43,630.75 in child support following a contempt hearing at which neither Mr. Harris nor his attorney appeared. But, in an objection filed immediately after the finding of contempt, Mr. Harris's attorney claimed that the amount of unpaid child support was incorrect because the magistrate had previously adjusted the child-support payments. There is no evidence in the record to substantiate this assertion, other than the attorney's affidavit in support of Mr. Harris's objection.
After another continuance, in December of 1995 the court ruled that if Mr. Harris paid Mrs. Harris's attorney fees, the issue of the purported reduction in child support fees could be reheard. In March of 1996, neither Mr. Harris nor his attorney appeared at the appointed time, and a different magistrate found that the previously determined arrearage was accurate. Again, Mr. Harris objected to the magistrate's recommendation and sought a hearing.
After another continuance, now in August of 1996, Mr. Harris and his attorney once again failed to appear for a hearing on the issue of the amount of unpaid child support which had been consolidated with the separate issue of property division. The property was divided, the ongoing child support was left the same, and the arrearage was found to have been accurately reflected in the records of the Child Support Enforcement Agency. Predictably, Mr. Harris objected to the decision and was given another opportunity to be heard if he again paid Mrs. Harris's attorney fees. At that hearing, which was attended by both Mr. Harris and his attorney, there was no record of Mr. Harris having raised the issue of child support or the unpaid balance. The subsequent order of the trial court affected only the couple's property division.
Then, in August of 1997, Mr. Harris once again moved the court to modify his support, due to a change of circumstances, and to review the arrearage. Almost a year later, Mr. and Mrs. Harris were finally divorced, and the decree reflected that no progress had been made on the child support issues. The trial court stated that Mr. Harris's arrearage was in excess of $71,000, pending a hearing on his 1997 motion.
After two more continuances at Mr. Harris's request, he eventually again moved the court to modify support and requested that the modification apply retrospectively, "nunc pro tunc," to his previously filed motion to modify support. This latest motion was filed in October 1999. Again, multiple requests for continuances preceded a hearing. But finally, in March 2000, the magistrate adjusted the amount of child support owed by Mr. Harris retroactively to the date of the 1997 motion. Thus, the significant arrearage that had continued to grow during this eight-year process was reduced.
Mr. Harris now raises as his sole assignment of error the trial court's failure to make the modification in monthly child support retroactive to his original motion for modification in 1994. Mr. Harris bases this claim on his attorney's allegation that, sometime in 1994, the magistrate had actually reduced Mr. Harris's monthly child support, but that the entry reflecting the adjustment was not recorded. Mr. Harris also contends that Mrs. Harris had somehow acknowledged that a reduction agreement had been reached in 1994.
We review the trial court's decision in a domestic relations case under an abuse-of-discretion standard.[1] There is simply no evidence in the record, other than the recollection of Mr. Harris's attorney, to support a finding that a magistrate had modified Mr. Harris's monthly child-support obligation in 1994. Accordingly, we cannot conclude that the trial court abused its discretion.
Therefore, the judgment of the trial court is affirmed, and a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] See Booth v. Booth (1989), 44 Ohio St.3d 142, 144,541 N.E.2d 1028, 1030.