JOURNAL ENTRY AND OPINION
{¶ 1} Donald Lee appeals from an order of the trial court that modified the amount of sustenance alimony he was required to pay to his ex-wife. He claims the court erred by failing to state the basis of the award, in not granting his motion for relief, and in making a sustenance award that leaves him with little disposable income. We affirm.
 {¶ 2} The record reveals that Donald and Helen Lee were divorced in October 1995, following a thirty-three-year marriage. At the time of the divorce, David received, among other assets, the business that he and Helen had created, A L Fabricating, a race car, and one-half of the proceeds from the sale of the marital residence. Helen received one-half of the proceeds from the home sale, an IRA, and a home in Las Vegas. She was additionally awarded spousal support in the amount of $2,367.42 per month for 36 months beginning October 1, 1995, and $2,550 per month for 108 months beginning October 1, 1998. The divorce decree provided for monetary modification of the award, but not the 144 month duration.
 {¶ 3} Under this modification provision of the divorce decree, David filed a motion to modify spousal support in April 2003. He claimed that his economic circumstances had changed and that he was now unable to meet his spousal support obligation. The magistrate issued a decision granting this motion and modifying David's support obligation from $2,550 per month to $1,326 per month. The trial court adopted this decision in April 2005, and it is from this order that David appeals in the assignments of error set forth in the appendix to this opinion.
 {¶ 4} In his first and second assignments of error, David claims that the court erred in its determination of spousal support, allegedly leaving him with only $8 a month in disposable income after his spousal support payment. He additionally claims error in the court's determination of such an award without stating the basis of the award with specificity.
 {¶ 5} The trial court is vested with broad discretion and an appellate court will not disturb a trial court's decision regarding spousal support obligations absent an abuse of that discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. The Supreme Court has defined abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable. See, e.g., Blakemore, supra at 219.
 {¶ 6} Although a trial court has freedom to modify spousal support orders, it must evaluate the relevant facts and circumstances that were considered when making such an award. R.C. 3105.18(C)(1) sets out the factors that must be considered when contemplating an order of spousal support and states:
"(C) (1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
"(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties;(e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 7} In the magistrate's decision modifying David's spousal support obligation, the magistrate acknowledged that the decline in David's business, the turn-over of this business to another company, his bankruptcy and his retirement have all altered his lifestyle. Mag. Dec. at 5. See, also, R.C. 3105.18(g). Under R.C.3105.18 factors (d) and (i), the court then found that "[David] is able bodied and retired with the knowledge that his spousal support obligation term was nonmodifiable." Mag. Dec. at 5. It then found that "[David] testified that he, himself, would hire a person such as himself in the range of $11 an hour job as [sic] welder and additionally that he had sought employment in the last year at a race car factory wherein the salary would be approximately $500 weekly per 45 hours." Mag. Dec. at 5. See, also, R.C. 3105.18(C)(1)(b).
 {¶ 8} When analyzing Helen's potential for income, the court acknowledged her ability to rent the Las Vegas home that she received in the divorce for more income than she was currently receiving from her daughter and son-in-law's occupation of the home, but found that "[Helen] is more than likely unable to earn as much as [David] due to her limited experienced and seems to be able to earn in the neighborhood of approximately $17,000 per annum as a full-time employee at Walmart." Mag. Dec. at 5. See, also, R.C. 3105.18(C)(1)(b), (k), and (m). The court did not fault Helen for neglecting to file for social security, but recognized that this fact lowered her available monthly income. Mag. Dec. at 5.
 {¶ 9} It is clear from the record that the magistrate, as well as the trial court in its adoption of the magistrate's decision, did in fact consider the factors as outlined in R.C.1305.18 (C)(1) when considering a reduction of the amount of spousal support.
 {¶ 10} David's first and second assignments of error lack merit.
 {¶ 11} In his third assignment of error, David claims that the court erred in failing to grant his prayer that any modification of spousal support should relate back to his previously filed motion, Motion Number 85975. He cites no case law for this contention on appeal. Moreover, the magistrate's decision clearly recognized that per the trial court's July 2002 judgment entry, there were no timely objections to the magistrate's decision on this motion and that the court was without jurisdiction to reconsider this motion which had already been dismissed without prejudice.
Judgment Affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., And Calabrese, Jr., J., Concur.
 APPENDIX ASSIGNMENTS OF ERROR
 "I. THE TRIAL COURT ERRED BY AWARDING THE APPELLEE SUSTENANCEALIMONY WHICH LEAVES THE APPELLANT WITH $8.00 PER MONTH INDISPOSABLE INCOME.
 II. THE TRIAL COURT ERRED BY FAILING TO STATE WITH SPECIFICITYTHE BASIS OF THE AWARD.
 III. THE MAGISTRATE ERRED BY NOT GRANTING THE APPELLANT'SPRAYER FOR RELIEF ON THE BASIS THAT ANY MODIFICATION SHOULDRELATE BACK TO HIS PREVIOUSLY-FILED MOTIONS."