[Cite as *Sanders v. Sanders*, 2015-Ohio-5036.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| MARY E. SANDERS, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-05-040 |
| | : | O P I N I O N |
| - vs - | | 12/7/2015 |
| | : | |
| JOHN K. SANDERS, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 09 DR 33295


Rittgers & Rittgers, Renee L. Crist, 12 East Warren Street, Lebanon, Ohio 45036, for plaintiff-appellee

Moskowitz & Moskowitz, LLC, Joel S. Moskowitz, James H. Moskowitz, 810 Sycamore Street, 1st Floor, Cincinnati, Ohio 45202, for defendant-appellant


**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, John K. Sanders (husband), appeals from a decision of the Warren County Court of Common Pleas, Domestic Relations Division, interpreting a provision in a separation agreement between husband and plaintiff-appellee, Mary E. Sanders (wife), regarding the payment of a student loan. For the reasons stated below, we affirm the decision of the trial court.

{¶ 2}  Husband and wife divorced in 2010 after 32 years of marriage.  The couple entered into a separation agreement, drafted by wife's attorney, which was incorporated into the divorce decree.  The separation agreement governed all aspects of the divorce, including spousal support and the division of marital assets and liabilities.  Specifically, the separation agreement addressed the division of a United States Department of Education Direct Parent Loan (student loan) taken out by husband and wife for the couple's children.  In regards to spousal support, Article IV of the separation agreement provided:

> Effective January 1, 2010 and until further order of this Court, Husband shall pay directly to Wife, the monthly amount of $1,400.00, each and every month, as and for spousal support to Wife. * * * Effective January 1, 2016, Husband shall pay directly to Wife, the monthly amount of $1,140.00 each and every month, as and for spousal support for Wife. * * * *If the student loan referred to in Article IV, paragraph (A)(1) is paid off (not merely refinanced) then Husband's spousal support payment to wife shall be reduced by $800.00 per month.* * * *

(Emphasis added.)

{¶ 3}  In regards to marital debts, Article VI provided:

> (A) Wife shall pay and hold Husband harmless on the following debts:
>
> 1. US Department of Education Direct Parent Loan in the current approximate amount of $41,000, with an final anticipated loan amount of $66,000.00.
> * * *

{¶ 4}  Husband and wife operated under the separation agreement without incident until July 2014 when husband failed to pay spousal support after discovering wife had not been paying the student loan.  Wife filed a contempt motion in regards to husband's failure to pay spousal support.  Husband filed a motion for contempt "or in the alternative addressing the responsibilities of [wife] under the decree" concerning wife's failure to pay the student loan.  A hearing was held before a magistrate regarding the motions.  At the hearing, wife testified that at the time of the separation agreement, her monthly payment toward the

student loan was $800. However, she was unable to afford this amount, so in 2011 she did not make any payments on the loan, and in 2012 she began making payments in most months of $467. Wife also explained that at the time of the separation agreement she was making a monthly car payment of $260 and the loan was scheduled to be paid in full on January 2016. Husband stated the parties intended that the amount of spousal support specifically included wife's monthly $260 car payment and her monthly $800 student loan payment and the spousal support payments would be reduced when these loans were paid in full. Husband also introduced evidence showing the student loan would be paid off in June 2020 if wife continued to make $800 monthly payments.

{¶ 5} The magistrate issued a decision finding wife in contempt for failing to make payments on the student loan in 2011. The magistrate also declined to find that the separation agreement requires wife to pay $800 per month on the student loan. Husband objected to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decision.

{¶ 6} Husband now appeals, asserting three assignments of error. For ease of discussion, we will address husband's three assignments of error together.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT'S INTERPRETATION OF THE SEPARATION AGREEMENT WAS ERRONEOUS.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRED IN FAILING TO FIND THE SEPARATION AGREEMENT AMBIGUOUS.

{¶ 11} Assignment of Error No. 3:

{¶ 12} THE TRIAL COURT ERRED IN FAILING TO CONSTRUE THE SEPARATION AGREEMENT AGAINST WIFE.

{¶ 13} In his three assignments of error, husband argues the trial court erred in its interpretation of the separation agreement regarding the amount wife must pay each month on the student loan. Husband argues that the separation agreement, when read as a whole and after giving effect to every provision, requires wife to pay $800 per month towards the student loan. In the alternative, husband argues that the separation agreement is ambiguous regarding the amount wife must pay on the student loan and because wife drafted the separation agreement, the agreement must be interpreted to require wife to pay $800 per month on the student loan.

{¶ 14} As a general matter, an appellate court reviews a trial court's determinations in domestic relations cases under an abuse of discretion standard. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). However, because a separation agreement is a contract, it is subject to the same rules of construction as other contracts and its interpretation is a matter of law. *Clark v. Clark*, 12th Dist. Butler No. CA2008-12-244, 2009-Ohio-2803, ¶ 12. Where the terms of a separation agreement are clear and unambiguous, the words used must be given their plain and ordinary meaning and a court must give effect to the agreement's expressed terms. *Id.* "Contract terms are ambiguous where the language is susceptible to two or more reasonable interpretations." *Id.* at ¶ 8. "When enforcing a separation agreement incorporated into a divorce decree, a trial court has authority to hear the matter, clarify confusion over the interpretation of any particular clause, and resolve the dispute." *Key v. Key*, 12th Dist. Madison No. CA99-08-020, 2000 WL 959496, *2 (July 3, 2000).

{¶ 15} We find that the clear and unambiguous language of the separation agreement does not require wife to pay $800 per month on the student loan. Article VI of the separation agreement provides that "Wife shall pay and hold Husband harmless on" the student loan. While this provision requires wife to "pay" the student loan, it does not specify her minimum monthly obligation. Husband acknowledges this provision does not state wife's monthly

payment. Nevertheless, husband argues that this sentence read in conjunction with the "Spousal Support" section in Article IV requires wife or is at least ambiguous that wife make monthly payments of $800 on the student loan.

{¶ 16} We do not find that the spousal support provision affects wife's monthly obligation toward the student loan. Article IV provides that "[i]f the [student loan] is paid off (not merely refinanced) then husband's spousal support payments to wife shall be reduced by $800.00 per month." This sentence does not state wife's minimum monthly payment on the student loan but instead only discusses the condition upon which husband's spousal support payment will decrease. Moreover, as noted by the trial court, "[t]he language of the Separation Agreement, which Husband agreed to and signed, contemplates that the student loan debt may never be paid off." Therefore, husband's argument that the agreement requires wife to make $800 monthly payments is contrary to the language in the agreement which anticipates the loan may never be paid in full. Consequently, the trial court did not err in interpreting the separation agreement as requiring wife to pay the student loan but not obligating her to make a specific monthly payment. Further, husband has not provided any evidence that he has not been "held harmless" as a result of wife's nominal or no payments towards the student loan. Husband negotiated, reviewed, and signed the separation agreement, and therefore should have known that wife was not obligated to make a specific monthly payment to the student loan and his spousal support could continue at a higher amount indefinitely.

{¶ 17} Therefore, the trial court did not err in its interpretation of the separation agreement. Husband's first, second, and third assignments of error are overruled.

{¶ 18} Judgment affirmed.

RINGLAND, J., concurs.

M. POWELL, P.J., dissents.

**M. POWELL, P.J., dissenting.**

{¶ 19} In contrast to my colleagues in the majority, I believe the separation agreement obligates wife to pay the student loan in the amount due pursuant to the loan agreement.

{¶ 20} Wife's responsibilities toward the student loan are specified in Article VI of the separation agreement. This section, titled "Payment of Debts" provides wife "shall pay and hold Husband harmless" on the student loan. Article IV does not merely impose "sole responsibility" for the student loan upon wife or designate it as wife's "sole obligation," but imposes upon wife the duty to pay the student loan.

{¶ 21} I'm cognizant of the fact that Article VI, while imposing upon wife an obligation to pay the student loan, does not specify an amount wife is to pay. However, interpreting wife's obligation to pay the student loan as anything other than requiring her to pay the amount due would render the obligation to pay meaningless. Interpreting this provision as finding wife has complied by paying any amount, at any interval, effectively imposes no obligation to pay.

{¶ 22} Article IV of the separation agreement further provides that: "If the student loan * * * is paid off (not merely refinanced) then Husband's spousal support payment to wife shall be reduced by $800.00 per month." The majority rejects husband's claim that Article IV creates an ambiguity as to the amount wife is required to pay upon the student loan because it does not state wife's monthly student loan obligation and contemplates that the loan may never be paid off. I agree that Article IV does not create an ambiguity as to wife's obligation to pay the student loan. In fact, Article IV says nothing about wife's obligation to pay the student loan, but addresses only the effect the full payment of the student loan will have upon husband's spousal support obligation.

{¶ 23} Article IV of the separation agreement contemplates that wife may refinance the student loan and, consequently, modify the monthly payment due and extend its maturity date. Article VI imposes upon wife an unambiguous obligation to pay the student loan. Reading Articles IV and VI together, the separation agreement imposes upon wife an obligation to pay the amount due upon the student loan pursuant to the loan agreement in effect at the time of the separation agreement or any subsequent loan agreement incidental to a refinancing of the student loan. Any confusion created by these provisions relates not to their meaning, but rather to why husband would agree to an arrangement in which wife could manipulate her student loan obligation in a manner that would prevent a reduction in husband's spousal support obligation. Nonetheless, this is husband's agreement.

{¶ 24} I would reverse the trial court's decision finding that the separation agreement does not impose an obligation upon wife to pay the student loan in the amount due. With regard and respect for my colleagues in the majority, I dissent.