[Cite as *Daniel v. Hester*, 2016-Ohio-7543.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| ANNEMARIE DANIEL, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2016-02-037 |
| | : | O P I N I O N |
| - vs - | | 10/31/2016 |
| | : | |
| COLIN HESTER, | : | |
| Defendant-Appellee. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2014-07-0773


Glenn J. Rossi, 7787 Joan Drive, West Chester, Ohio 45069, for plaintiff-appellant

Cornetet, Meyer, Rush & Stapleton, Karen P. Meyer, 123 Boggs Lane, Cincinnati, Ohio 45246, for defendant-appellee


**PIPER, P.J.**

{¶ 1} Annemarie Daniel ("Wife") appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, which resolved issues in her divorce from Colin Hester ("Husband").

{¶ 2} The parties were married in 1998 and Wife filed for divorce in 2014. The court conducted a trial to resolve issues that Wife and Husband could not agree on, including the identity of marital property, reimbursement for living expenses paid by Wife for the benefit of

Husband after the couple separated, and child support matters. Wife now appeals the trial court's decision on these issues and raises four assignments of error for our review.

{¶ 3} Assignment of Error No. 1:

{¶ 4} THE TRIAL COURT'S ALLOCATION OF TWO PARCELS OF PROPERTY TO WIFE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 5} The court found that two parcels of property, which were held in Wife's limited liability company, were marital property. Wife contends that the parcels were not marital property, but were actually owned by other members of her family.

{¶ 6} In dividing property in a divorce proceeding, a trial court must first determine what constitutes marital property and what constitutes separate property. *Sieber v. Sieber*, 2015-Ohio-2315, 37 N.E.3d 776, ¶ 18 (12th Dist.), appeal not allowed, 144 Ohio St.3d 1458, 2016-Ohio-172. Marital property includes all real property that is currently owned by either or both of the spouses and that was acquired by either or both of the spouses during the marriage. R.C. 3105.171(A)(3)(a)(i). Marital property "does not include any separate property." R.C. 3105.171(A)(3)(b). Separate property encompasses "[a]ny gift of any real or personal property * * * that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." R.C. 3105.171(A)(6)(a)(vii).

{¶ 7} A trial court's classification of property as marital or separate must be supported by the manifest weight of the evidence. *Sieber* at ¶ 19. The manifest weight of the evidence refers to the greater amount of credible evidence offered in trial to support one side of the issue rather than the other. In reviewing a challenge to the manifest weight of the evidence, a court of appeals weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the

judgment must be reversed. This court is guided by the presumption that the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony. *Id.*

{¶ 8} We find that the trial court's decision classifying the two parcels as marital property was supported by the manifest weight of the evidence. At trial, both parties agreed that the two parcels were held by Wife's company and were acquired during marriage. However, Wife denied that she had any "right, title or interest" in the parcels. Other than this testimony, Wife offered no clear evidence, either testimonial or documentary, explaining how she lacked an interest in these parcels held by her company. Nor did Wife explain who owned the properties. At best, Wife testified that the "use" of the properties was a "gift" from some family member, presumably her father or sister. Accordingly, Wife failed to meet her burden of setting forth clear and convincing evidence that the two parcels were not marital property and Wife's first assignment of error is overruled.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING HUSBAND AND WIFE'S ANNUAL INCOMES IN ITS CHILD SUPPORT COMPUTATION.

### Husband's Income

{¶ 11} Wife argues that that the trial court should have found that Husband was voluntarily underemployed and imputed income to him for purposes of establishing the amount of his child support payment. A trial court's decision concerning whether a parent is voluntarily underemployed is a question of fact and will not be disturbed on appeal absent an abuse of discretion. *McLaughlin v. Kessler*, 12th Dist. Fayette No. CA2011-09-021, 2012-Ohio-3317, ¶ 13-14.

{¶ 12} In calculating child support, a trial court must determine the annual income for each parent. For an unemployed or underemployed parent, income is the "sum of the gross

income of the parent and any potential income of the parent." R.C. 3119.01(C)(5)(b). Potential income includes imputed income that a trial court determines the parent would have earned if fully employed based upon the criteria set forth in R.C. 3119.01(C)(11)(a)(i)-(xi), which includes the parent's prior employment experience, education, skills and training, employment availability, and local wages. Before a trial court may impute income to a parent, however, it must first find that the parent is voluntarily underemployed. R.C. 3119.01(C)(11); *Kessler* at ¶ 13. The parent who claims the other parent is voluntarily underemployed bears the burden of proof. *Reynolds-Cornett v. Reynolds*, 12th Dist. Butler No. CA2013-09-175, 2014-Ohio-2893, ¶ 10.

{¶ 13} Husband testified that he worked 40 hours a week at a grocery store, earning $11 an hour. He also had a part-time job at a flavoring company earning $14.50 an hour. From these two jobs the court concluded that Husband's annual income for child support purposes was about $29,000 per year. However, Wife contends that the trial court should have imputed income to Husband because he testified that he has a Ph.D in chemistry and just recently turned down a position with a pharmaceutical company.

{¶ 14} The trial court did not abuse its discretion in failing to find Husband underemployed. Wife failed to meet her burden of demonstrating Husband's potential for increased earning and the amount of income that the court should impute. Other than holding an advanced degree, there is little else in the record indicating Husband's potential for increased earnings.

{¶ 15} Husband testified that he was a stay-at-home parent for ten years prior to the couple's separation in 2014. The record does not indicate if Husband held any employment during this time. The only indication in the record concerning Husband's past employment involving the possible use of his chemistry degree was a job with a company in the ink industry. But the record contains no evidence concerning when that employment occurred,

what Husband earned, or Husband's potential of securing future employment in the same field.

{¶ 16} With respect to the pharmaceutical company that offered him a job, Husband testified that he did not accept the offer because the job required night shifts and he could not work at night. Husband did not testify as to what the job entailed, but he explained that it was offered to him through an employment agency. And because he did not accept the offer, he knew neither the identity of the company, nor the pay. Given these circumstances, there is no evidence the pharmaceutical company was offering Husband a job in which the work or salary would be commensurate with holding an advanced degree in chemistry.

{¶ 17} There is a dearth of evidence in the record concerning Husband's potential to utilize his advanced education to obtain increased income. Accordingly, Wife did not meet her burden of proof and we cannot find that the court abused its discretion in failing to impute income to Husband.

### Wife's Income

{¶ 18} Wife argues that the court erred in determining her income for child support purposes based on the three-year average of her yearly income from 2012 through 2014, which was around $32,000. Wife argues that the court ignored her testimony that her income was substantially reduced in 2015 because of past cancer treatments and increased obligations to take care of the couple's children. A trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. *Vaughn v. Vaughn*, 12th Dist. Warren No. CA2007-02-021, 2007-Ohio-6569, ¶ 12.

{¶ 19} We find no abuse of discretion in the trial court's decision to determine Wife's income for child support purposes based on her recent historical earnings. Wife testified that her cancer treatments limited her ability to work as a real estate agent. However, Wife

grossed nearly $80,000 during the year she underwent treatment and testified at trial that her cancer had been cured. There is nothing in the record to suggest that the trial court ignored her testimony. Instead, the court considered what little evidence was presented on the subject of Wife's income and arrived at a reasonable estimation of Wife's earning potential as demonstrated by the evidence before the court. This second assignment of error is overruled.

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT ERRED IN ITS CHILD SUPPORT ORDER BY ESTABLISHING AN EFFECTIVE DATE OF NOVEMBER 2015.

{¶ 22} Wife contends that the trial court erred in its choice of the effective date of the child support order. Prior to the trial, in a May 2015 order, the court named Wife temporary residential parent for five of the couple's six children. Thus, Wife argues that the court should have made the child support order retroactive to May 2015 instead of November 2015, the date of the court's decision on the couple's contested issues. The standard of review for this issue is abuse of discretion. *Vaughn* at ¶ 12.

{¶ 23} We find no abuse of discretion occurred here. Before trial, Wife never sought a temporary child support order. Nor did Wife request an arrearage for child support before or during the trial. If a court's decision is authorized by statute, a party who fails to request specific relief cannot later claim that the trial court abused its discretion in failing to provide that unrequested relief. *Eichenberger v. Eichenberger*, 10th Dist. Franklin No. 00AP-948, 2001 WL 410276, *4 (Apr. 24, 2001). Given Wife's failure to request a child support arrearage, we cannot conclude that the trial abused its discretion in failing to provide that unrequested relief. The third assignment of error is overruled.

{¶ 24} Assignment of Error No. 4:

{¶ 25} THE TRIAL COURT ERRED IN DETERMINING THAT WIFE SHOULD NOT

BE CREDITED OR REIMBURSED FOR INSURANCE PREMIUMS PAID ON BEHALF OF HUSBAND FROM OCTOBER 2014 TO MAY 2015.

{¶ 26} Wife argues that the court erred in failing to order Husband to reimburse her for medical and dental insurance premiums she paid for Husband's benefit. Again, our standard of review is abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). While the divorce was pending, and pursuant to court order, Wife paid Husband's health insurance premiums from August 2014 to May 2015. In October 2014, Husband obtained separate health insurance through his employer. Husband testified that he told Wife he had obtained his own insurance and no longer needed to be covered by her policy.

{¶ 27} In April 2015, Wife moved the court to allow her to stop paying Husband's insurance premiums. In May 2015, the court granted Wife's request. At trial, Wife asked the court to order Husband to reimburse her for all health insurance premiums she paid for his benefit. Ultimately, the court ordered Husband to reimburse Wife only for his insurance premiums between August and October 2014.

{¶ 28} The trial court presumably believed Husband's testimony that he alerted Wife to when he obtained insurance coverage through his employer. We generally defer to the trial court on credibility determinations. *Richards v. Newberry,* 12th Dist. Clermont No. CA2014-08-061, 2015-Ohio-1932, ¶ 32. Wife then waited until April 2015 to request permission to stop paying Husband's insurance premiums. In other words, Wife requested the court to order Husband to reimburse her for insurance premiums she knew were unnecessary and which she could have stopped paying had she petitioned the court earlier. We perceive no abuse of discretion in the court's denial of this request for reimbursement. The fourth assignment of error is overruled.

{¶ 29} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.