[Cite as *Diallo v. Diallo*, 2024-Ohio-2098.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| RAGUIATOU S. DIALLO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| MAMADOU DIALLO | : | Case No. 2024 CA 0004 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 2016 DR 01022


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        May 30, 2024


APPEARANCES:

For Plaintiff-Appellee

EDWARD CLARK CORLEY
3 North Main Street
Suite 603
Mansfield, OH 44902

For Defendant-Appellant

SANJAY K. BHATT
2929 Kenny Road
Suite 280
Columbus, OH 43221

*King, J.*

{¶ 1}   Defendant-Appellant, Mamadou Diallo ("husband"), appeals the December 20, 2023 opinion/judgment entry of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division, imputing minimum wage income to Plaintiff-Appellee, Raguiatou Diallo ("wife").  We affirm the trial court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   The parties were married in Guinea, Africa on July 7, 2002.  They have two children, one born in August 2008 and one born in April 2010.  The parties obtained a divorce on May 11, 2017.  A shared parenting plan was in place.

{¶ 3}   In 2018 wife remarried, to a French man from Guinea who lives in France and Guinea.  They have two young children.  Wife is the primary caretaker of the children.  She spends part of her time in Ohio with all four children and part of her time in France/Guinea with her two youngest children.  As a result of her traveling back and forth, wife voluntarily resigned from her employment in January 2022.  She was a medical lab technician earning approximately $50,700 per year.

{¶ 4}   On February 13, 2023, wife filed a motion to modify parental rights and responsibilities because of her extended stays outside the United States.  A hearing was held before a magistrate on September 18, 2023.  The parties stipulated to terminating the shared parenting plan and designating husband as the residential parent.  A remaining issue was child support.  By decision filed October 18, 2023, the magistrate found there was no evidence of the prevailing wage and salary levels in wife's area and imputed full-time minimum wage income to wife in the amount of $20,008 per year.  Husband filed objections, contesting the assignment of minimum wage to wife.  By

opinion/judgment entry filed December 20, 2023, the trial court denied the objections and adopted the magistrate's decision with modifications, raising the imputed income to the current full-time minimum wage level of $21,736 per year.

{¶ 5} Husband filed an appeal with the following assignment of error:

I

{¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN IMPUTING MINIMUM WAGE INCOME TO APPELLEE EVEN THOUGH APPELLEE VOLUNTARILY LEFT HER EMPLOYMENT IN JANUARY, 2022, AND AT THAT TIME, SHE EARNED SIGNIFICANTLY MORE THAN THE IMPUTED MINIMUM WAGE."

{¶ 7} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶ 8} This appeal shall be considered in accordance with the aforementioned rule.

I

{¶ 9} In his sole assignment of error, husband claims the trial court abused its discretion in imputing minimum wage income to wife. We disagree.

{¶ 10} Child support decisions are reviewed under an abuse of discretion standard. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 11} To calculate the amount of child support owed, the trial court must determine the annual income of each parent. *Weisgarber v. Weisgarber*, 5th Dist. Stark No. 2015CA00158, 2016-Ohio-676. In calculating income, a trial court is permitted to impute income to a parent when the parent is voluntarily unemployed. *See* former R.C. 3119.01(C)(9)(b) and (C)(17). In this case, no one is challenging the finding that wife is voluntarily unemployed. The amount of income to be imputed "are matters to be determined by the trial court based upon the facts and circumstances of each case." *Rock v. Cabral*, 67 Ohio St.3d 108, 616 N.E.2d 218 (1993).

{¶ 12} In regards to child support, "income" consists of the sum of the gross income of the person and any "potential income" of the person if voluntarily unemployed. *See*

former R.C. 3119.01(C)(9)(b).  Potential income includes imputed income that a trial court determines the parent would have earned if fully employed based upon the factors set forth in former R.C. 3119.01(C)(17)(a)(i)-(xi).  Subsection (C)(17)(a)(iv) provides for a trial court to consider "[t]he availability of employment in the geographic area in which the parent resides."

{¶ 13} Husband argues wife's imputed income should have been higher based on wife's prior work history.  He submitted a document showing wife made approximately $50,700 as a medical lab technician back in 2017.  Defendant's Exhibit B.

{¶ 14} Wife testified she was remarried and her new husband lives in Guinea and France; as a result, she travels frequently between the United States and Guinea to see her children.  T. at 19-20, 26-27, 38.  She quit her employment as a medical lab technician in January 2022 because "with the going back and forth it's not easy to keep a job here." T. at 29.  As for the possibility of employment in Guinea, she testified most employment there is full-time and she is focusing on taking care of her two children from her second marriage, as the children are very young and she is the primary caregiver.  T. at 30-31. She does not know if she could return to her job as a medical lab technician because she has been out for some time and things change in the medical field.  T. at 32-33, 35.  In its opinion/judgment entry at 6, the trial court found the following:

Based on the all the facts of this case, the Court does not believe that the Plaintiff's decision to travel between the United States and Guinea to spend time with her children from two different marriages to be such that

it does not justify imputing her to the former income she earned when working and living full time in the United States.

In so far as imputing her to a different income, the Defendant failed to put on sufficient evidence for the same. There was no evidence presented to show what the Plaintiff would have been able to earn with periodic employment as a lab technician in either United States or Guinea. Further, the Defendant failed to put forth any evidence as to what remote employment could be possible for the Plaintiff.

\* \* \*

Simply arguing that the obligor should be imputed to a prior income, when the obligor is no longer residing in the geographical location where that prior job existed fails to take into account that imputed income must be based on the geographical location where the obligor resides.

{¶ 15} The trial court adopted the magistrate's decision to impute full-time minimum wage to wife, with a modification raising the amount to the current minimum wage level.

{¶ 16} Upon review, we find the record supports the trial court's decision and the trial court did not abuse its discretion in imputing full-time minimum wage income to wife.

{¶ 17} The sole assignment of error is denied.

{¶ 18} The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is hereby affirmed.

By King, J.

Hoffman, P.J. and

Wise, J. concur.