**[Cite as *Scott v. Kendricks*, 2025-Ohio-1842.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


| | | |
|---|---|---|
| Antwan Scott, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 23AP-658 |
| v. | : | (C.P.C. No. 14JU-16146) |
| Sandra Kendricks, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |


D E C I S I O N

Rendered on May 22, 2025


**On brief:** *Antwan Scott*, pro se. **Argued:** *Antwan Scott.*


APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch


MENTEL, J.

{¶ 1} Plaintiff-appellant, Antwan Scott, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, dismissing his objection to an administrative adjustment recommendation to the amount of child support for the parties' minor child because he failed to appear at the scheduled hearing on the objection. For the reasons that follow, we affirm.

{¶ 2} Mr. Scott originally filed a complaint against defendant-appellee, Sandra Kendricks, in 2015 for determination of parental rights and custody. In the years that followed, child support orders were modified a number of times. Most recently, the Franklin County Child Support Enforcement Agency ("FCCSEA") filed an administrative adjustment recommendation on January 17, 2023, to alter the amount of the child support

for the parties' minor child.  On February 27, 2023, Mr. Scott filed an objection to the adjustment recommendation and requested a hearing for a court-ordered deviation from the amount of child support recommended.  On March 21, 2023, the trial court issued a notice of hearing to inform the parties that a hearing date of May 30, 2023 had been set, pursuant to R.C. 3121.031.  On March 27, 2023, the trial court ordered both parties to provide the financial documents required by R.C. 3119.68 to review the child support amount, including tax returns, pay stubs, and health insurance policies.

{¶ 3}  The record does not reflect that the May 30, 2023 hearing was held.  On June 5, 2023, a request by the parties and order by the magistrate for a video conference was entered for a July 28, 2023 hearing on Mr. Scott's objection.  The entry contained a meeting identification number for the video conference.  However, the next day, the magistrate signed an entry that continued the May 30 hearing until July 28 because of incomplete service, but the entry specified that it was to be an in-person hearing at the trial court.

{¶ 4}  In an entry dated July 31, 2023, the July 28, 2023 hearing was also continued, this time until September 27, 2023.  A final continuance entered on September 29, 2023, set a new hearing date until November 1, 2023 and specified "Hearing shall be in person."

{¶ 5}  The final judgment entry reflects that Ms. Kendricks attended the hearing, Mr. Scott "failed to appear," and the magistrate dismissed his objection. (Oct. 2, 2023 Jgmt. Entry at 2.)  Accordingly, the FCCSEA's adjustment recommendation was approved and adopted. *Id.*  Mr. Scott now appeals and asserts the following assignment of error:

> The [trial court erred by] not allowing me to appear via video
> due to where I reside and/or submit proper documentation so
> that a correct support order can be created.

{¶ 6}  A child support agency has authority to "periodically . . . review a child support order" under R.C. 3119.60, and, before doing so, must inform the obligor and obligee and request evidence relevant to the review from them.  After conducting the review, the agency must provide the obligor and obligee with the opportunity to request an administrative hearing on the revised amount of child support.  R.C. 3119.63(C).  In addition, "the obligor and obligee have a right to request a court hearing on the revised amount of child support without first requesting an administrative hearing" from the agency.  R.C. 3119.63(D).  If either the obligor or obligee so requests, the trial court "shall

schedule and conduct a hearing to determine whether the revised child support is the appropriate amount and whether the amount of child support being paid under the court child support order should be revised." R.C. 3119.66. The trial court must give the parties "at least thirty days' notice of the date, time, and location of the hearing." R.C. 3119.67. In addition, the trial court must order both the obligor and obligee to provide copies of financial documents relevant to the child support calculations, such as tax returns, pay stubs, records of income received during the previous six months, and documentation of the current and available health insurance policies. R.C. 3119.68. After the hearing, the trial court must issue a child support order reflecting either the amount determined by the child support agency, or, a revised amount based on its own determination. R.C. 3119.70. On appeal, we review a child support order for an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989); *Chawla v. Chawla*, 2014-Ohio-1188, ¶ 12 (10th Dist.).

{¶ 7} According to Mr. Scott, he moved to California in 2018, after which the trial court refused to allow him to appear remotely by video at proceedings. (Appellant's Brief at 2.) He alleges that when he did fly to Columbus to attend hearings concerning child support, Ms. Kendricks "would purposefully not appear" so that the hearings would be continued. *Id.* In the proceedings following the most recent child support adjustment, he states that he made a request to the magistrate to appear via Zoom, but was informed that the magistrate would not "allow[]" it "no matter the circumstances, also adding that she was noting in the system not to allow it if I tried to request." *Id.* According to Mr. Scott, he "called in" before the most recent hearing and "tried to appear" using Zoom, but his "request was denied and the hearing proceeded." *Id.*

{¶ 8} Mr. Scott paints a picture of frustration and extreme inconvenience. Nevertheless, we can only review the child support order entered by the trial court for an abuse of discretion, and it is no abuse of discretion to overrule his objection because he failed to appear at the hearing on the child support adjustment. Although the record does indicate that the magistrate required the parties to appear in person, Mr. Scott's allegations cannot otherwise be corroborated by the record, which mainly reflects a series of continuances resulting from the clerk's inability to serve him with notice of the hearings.

{¶ 9} Furthermore, Mr. Scott has not invoked any statute or rule to support his allegation that the trial court's requirement that he appear in person amounts to error. The

current policy of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch does not appear to favor remote appearances.  On the court's webpage of Frequently Asked Questions, the query "May I appear electronically" is answered in the negative: "Unless otherwise specifically ordered, all parties and counsel must appear in person."  Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, *Frequently Asked Questions*, https://drj.fccourts.org/DRJ.aspx?PN=FAQ.htm (accessed May 1, 2025) [https://perma.cc/5ZWH-3ZHW].  The Supreme Court of Ohio convened a task force on "Improving Court Operations Using Remote Technology" after the COVID-19 pandemic, and the "Overall Recommendation" that resulted was: "Courts should continue the use of remote technology to conduct court proceedings." *Report & Recommendations of the Task Force on Improving Court Operations Using Remote Technology*, Vol. I at 5 (2021). Nevertheless, it does not appear that all of Ohio's courts have taken the recommendation to heart.

{¶ 10}  Finally, we note that Mr. Scott's allegation that the trial court did not permit him to "submit proper documentation" is without merit.  (Appellant's Brief at 3.)  Under R.C. 3119.68, a court is required to order the parties to provide the financial documentation relevant to an evaluation of the administrative adjustment recommended by the child support agency.  Here, the trial court complied with the statute in its entry of March 27, 2023, when it "**<u>ORDERED</u>**" Mr. Scott and Ms. Kendricks "**to bring to the hearing**" the documents required by R.C. 3119.68.  Finding no error in the trial court's application of the statute or the process afforded Mr. Scott, we overrule his sole assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

DORRIAN and BOGGS, JJ., concur.

_____