[Cite as *Young v. Young*, 2015-Ohio-5503.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Karol Lynn Young                                            Court of Appeals No. L-14-1226

    Appellant                                            Trial Court No. DR2010-0674

v.

Bradford Andrew Young                                     **DECISION AND JUDGMENT**

    Appellee                                            Decided: December 30, 2015

* * * * *

Jay E. Feldstein and Edward J. Stechschulte, for appellant.

Donna M. Engwert-Loyd, for appellee.

* * * * *

**YARBROUGH, P.J.**

## I. Introduction

{¶ 1} This is a dispute arising from a divorce proceeding in the Lucas County

Court of Common Pleas, Domestic Relations Division. The trial court modified

appellee's spousal support, effective the date that appellee moved for modification of the

spousal support.  The trial court also effectively negated appellee's child support obligations in the same judgment entry.

## A.  Facts

{¶ 2} Appellant, Karol Lynn Young, and appellee, Dr. Bradford Andrew Young, were married on August 23, 1997.  They had three children during the course of their marriage, one of which has Down syndrome and leukemia.  Appellant and appellee terminated their marriage on June 7, 2012.   According to the divorce decree, appellee was to pay $500 per month per child in child support.  Appellee was to pay $5,000 per month in spousal support for 3 months, $4,500 per month for the next 15 months, followed by $3,800 for 18 months, and $3,000 for another 18 months.

{¶ 3} Appellant was primarily a homemaker during the course of the marriage, though she did work part-time as needed for her husband's medical practice.  Following the divorce, appellant sought employment as a nurse earning $19,000 in 2012.  She was, however, unable to continue her employment due to the medical needs of one of their children.

{¶ 4} At the time of their divorce, appellee was making more than $200,000 a year in his medical practice.  However, in August 2012, appellee underwent surgery for a preexisting condition.  Due to complications from the surgery, appellee is now disabled and no longer able to practice medicine.  He sold his medical practice for $52,000 in late October 2014.  Appellee testified that he received money from the account receivables from his medical practice on a three month "lag" during the course of his business.

2.

Appellee applied for and was granted Social Security disability benefits on February 1, 2013. He receives $2,293 a month in Social Security disability payments and appellant receives $399 per child on behalf of the children as part of these benefits.

## B. Procedural History

{¶ 5} Following his surgery and subsequent inability to work in his profession, appellee entered a motion to modify his child support payments and his spousal support payments on September 14, 2012. He amended this motion on October 1, 2012.

{¶ 6} On August 28, 2013, a trial on the motions was held before a magistrate. The magistrate issued an opinion on February 19, 2014, which granted appellee's motions to modify his child support and spousal support obligations. The magistrate modified appellee's spousal support obligations to $479.17 per month effective February 1, 2013, when he was granted Social Security disability benefits. Appellee's child support obligations were reduced to $740.35 per month effective September 14, 2012, and reduced further to $180.67 effective February 1, 2013. Appellee filed objections to the magistrate's opinion and appellant filed her own motion in opposition to the objections.

{¶ 7} The trial court then entered a judgment entry on September 24, 2014, reducing appellee's child support payments to $354.83 per month per child, effective October 1, 2012. The trial court calculated appellee's obligations solely based on the income he received as part of his disability payments and did not take into consideration the payments made on behalf of the children. The trial court then credited the $399 per

3.

month per child in disability payments being paid to appellant against appellee's obligations, effectively negating appellee's child support payments. Appellant appeals this order.

### C. Assignments of Error

{¶ 8} Appellant brings two assignments of error for our review:

1. The trial court abused its discretion and committed reversible error in vacating, in part, the Magistrate's Decision and the Judgment with Permanent Order filed February 19, 2014 by modifying Appellee's spousal support obligation effective October 1, 2012 rather than February 1, 2013.

2. The trial court abused its discretion and committed reversible error in vacating, in part, the Magistrate's Decision and the Judgment with Permanent Order filed February 19, 2014 by declining to award child support from Appellee's Social Security Disability benefits and reducing Appellee's child support to zero.

### II. Analysis

### A. Modification of Spousal Support

{¶ 9} Appellant first objects to the effective date the modification of spousal support became effective. The magistrate's opinion made the modification effective February 1, 2013, the date appellee started receiving the disability benefits. However, the trial court changed the modification effective date to October 1, 2012, the date that appellee filed his amended motion for the modification.

4.

{¶ 10} An appellate court will only overturn a modification of spousal support if the trial court has abused its discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). A trial court's actions must be unreasonable, arbitrary, or unconscionable to constitute an abuse of discretion. *Blakemore v. Blakemore*, 50 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} Here, the trial court did not abuse its discretion by setting the effective date of the modification as the day the amended motion was filed. A modification of child support may be made retroactive to the date the motion was filed seeking to modify it. R.C. 3719.84. *See also Hamilton v. Hamilton*, 107 Ohio App.3d 132, 139-140, 667 N.E.2d 1256 (6th Dist.1995). However, no such rule requiring this retroactive application exists with regards to spousal support. *Id*. The trial court has the discretion to determine when the modification will be effective. *Bowen v. Bowen*, 132 Ohio App.3d 616, 640, 725 N.E.2d 1165 (9th Dist.1999).

{¶ 12} The trial court found a change in appellee's circumstances as of August 2012, when he was no longer able to practice medicine or work in any capacity. The trial court found that appellee did not receive any payments from his practice after September 2012. The trial court therefore refused to impute any income to appellee starting October 1, 2012, as he was completely unable to work following his surgery in late August 2012.

{¶ 13} We find that the trial court's determination of the effective date of the modification was not unreasonable, arbitrary, or unconscionable given the inability of

5.

appellee to work at all following his surgery. Further, the trial court supported its decision with findings regarding the income appellee received from his medical practice. Accordingly, appellant's first assignment of error is not well-taken.

### B. Modification of Child Support

{¶ 14} In her second assignment of error, appellant argues the trial court erred when it failed to include the disability payments made to appellant on behalf of the three children in appellee's gross income. An appellate court reviews a child support modification on an abuse of discretion standard. *Cole v. Cole*, 70 Ohio App.3d 188, 191, 590 N.E.2d 862 (6th Dist.1990).

{¶ 15} Upon consideration, we find that the trial court abused its discretion when it failed to include the $399 per month per child in disability payments appellant receives in appellee's gross income when determining his child support obligations. This court has previously found: "for the purposes of child support calculation, Social Security disability payments are to be included in the recipient's income and then credited back against the parent's child support obligations." *Parker v. Parker*, 6th Dist. Sandusky No. S-10-026, 2011-Ohio-5684, ¶ 10. Thus the $14,364 per year in disability payments made on behalf of the children should have been included in appellee's gross income before calculating appellee's child support obligations. Appellee will then receive a credit of $399 per month per child against any resulting obligation. Therefore, we find appellant's second assignment of error well-taken.

6.

### III.  Conclusion

{¶ 16} In light of the foregoing, we affirm the trial court's ruling making the modification of spousal support effective October 1, 2012.  However, we reverse the trial court's child support modification order and remand the matter so that the disability payments made on behalf of the children may be included in appellee's gross income. The costs of this appeal to be shared equally between appellant and appellee pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                      _____
                                                              JUDGE
Stephen A. Yarbrough, P.J.

James D. Jensen, J.                       _____
CONCUR.                                              JUDGE

                                                        _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.