[Cite as *In re L.D.C. v. Coniker*, 2017-Ohio-800.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| L.D.C., C.M.C., J.F.C II | ) | |
| | ) | CASE NO. 16 JE 0029 |
| MICHAEL CONIKER | ) | |
| | ) | OPINION |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| MARIE A. CONIKER | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:   Appeal from the Court of Common Pleas, Juvenile Division of Jefferson County, Ohio
Case No. 2016 CU 00025

JUDGMENT:   Affirmed.

APPEARANCES:
For Plaintiff-Appellant

Attorney Francesca Carinci
Suite 904-911, Sinclair Building
100 North Fourth Street
Steubenville, Ohio 43952

For Defendant-Appellee

Attorney Emanuela Agresta
100 North Fourth Street, 10th Floor
P.O. Box 1506
Steubenville, Ohio 43952

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: March 6, 2017

DeGENARO, J.

{¶1} Father Michael Coniker appeals the juvenile court's judgment designating Mother Marie A. Coniker the residential parent and awarding him weekly supervised visitation, limiting his challenge to the visitation order. It is within the province of the trial judge to assess witnesses' testimony, and based upon the record before us, the juvenile court did not abuse its discretion in fashioning Father's visitation time; accordingly, the judgment is affirmed.

{¶2} Although the parties were divorced in Pennsylvania in 2015, custody and parenting time were not addressed in those proceedings. Mother and the children moved to Ohio in January of 2013; three are still minors.

{¶3} On March 3, 2016, Father filed a pro se complaint seeking "full custody and fatherhood rights." Mother filed an answer and counterclaim requesting to be named the sole residential parent and for Father to be awarded supervised visitation. Mother was also granted ex parte custody by separate court order.

{¶4} At a merit hearing before the magistrate both Father and Mother were represented by counsel and testified. Father's social worker also testified. The Magistrate's Decision recommended designating Mother residential parent, awarding Father weekly supervised visitation, and reasoned:

> The father resides in a duplex. Also residing in this duplex is an individual whom all witnesses agree should not be around the child. The individual has threatened others. She has destroyed some of the father's belongings. She attacked a worker from a different program than the father's social worker is employed. The father's social worker is unable to meet the father at his home due to the presence of this individual. The father is attempting to evict this person.
>
> The social worker helps the father with various tasks such as organization, pill counts, accompanies him to meetings and appointments, and serves as a sounding board for the father to vent his frustrations. She provides anything the father may need involving daily

living skills. The father has been involved in the Residential Care Services program for about one (1) year. The program is a three (3) year program. It is possible to extend it beyond three (3) years if necessary.

The father is diagnosed with bipolar disorder. He disagrees with the diagnosis. The father has no other health problems. The father sees a psychiatrist and a therapist in additional [sic] to his social worker. He is prescribed Lithium (900 mg/day) and Vistril (prn).

The father is currently not employed. He is receiving disability. He would like to be more involved in the child's life and the upbringing of the child and his siblings. * * *

The father denied having any suicidal ideations. He described, in detail, what occurred regarding his prior hospitalizations, an incident at IKEA, and an incident at Splash Lagoon. He also explained an incident involving an older sibling [L.C.] being struck by him with aluminum crutches two or three times. The father also described his use of pressure points on one of the siblings [M.C.] as a form of discipline. The mother disagreed with the pressure point description. Her testimony described the situation (one at Robinson mall and one at Bob Evans) as the father with two hands around the child's neck and she had to pry his hands open.

* * * The mother has been providing the father with Parenting Time over the past three (3) years or so despite there not being a court order requiring her to do so.

{¶5} Father filed objections to the magistrate's decision arguing that his companionship time should not be supervised and that he should be permitted

overnight visitation. The juvenile court overruled Father's objections, designated Mother as the residential parent of the children, and granted Father weekly supervised visitation of eight hours, but not at his residence until the disruptive tenant vacated the duplex.

{¶6} As they are interrelated, Father's two assignments of error will be discussed together, and they assert:

THE COURT ERRED IN FINDING THAT THE APPELLANT SHOULD ONLY HAVE ONE DAY A WEEK OF PARENTING TIME AND THAT PARENTING TIME NEEDED TO BE SUPERVISED BY HIS EX-WIFE.

THE TRIAL COURT ERRED BY NOT ENUMERATING THE FACTORS IN R.C. 3109.05(1)(D) WHEN MAKING HIS DECISION TO GRANT RESTRICTED SUPERVISED VISITATION.

{¶7} The trial court has the discretion to limit or restrict visitation rights. *Jannetti v. Nichol*, 7th Dist. No. 97-CA-239, 2000 WL 652540, *3 (May 12, 2000). "This includes the power to restrict the time and place of visitation, to determine the conditions under which visitation will take place and to deny visitation rights altogether if visitation would not be in the best interests of the child." *Id.* A trial court's decision regarding visitation will not be reversed absent an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). "The term 'abuse of discretion' means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *In re S.S.L.S.,* 7th Dist. No. 12 CO 8, 2013-Ohio-3026, ¶ 22. "The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159, 1162 (1997).

{¶8} Both Mother and Father have equal rights to the care and custody of

the children. R.C. 2111.08. The parties stipulated that there was no decision made regarding child custody in their Pennsylvania divorce case. As such this was an initial custody award governed by R.C. 3109.04. Thus, the parties have incorrectly relied upon R.C. 3109.051; this statute governs the modification of a prior visitation order.

{¶9} When considering visitation issues, the statutory best interest factors within R.C. 3109.04 are applicable to juvenile court proceedings. *In re Bell,* 7th Dist. No. 04 NO 321, 2005–Ohio–6603, ¶ 37, 55–56. These factors include, but are not limited to: a) the parents' wishes; b) the child's wishes if the court has interviewed the child; c) the child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interests; d) the child's adjustment to home, school, and community; e) the mental and physical health of all relevant persons; f) the parent more likely to honor and facilitate court-approved parenting time or companionship rights; g) whether either parent has failed to make child support payments pursuant to a support order; h) whether either parent or any member of their households has been previously convicted of certain criminal offenses involving children; i) whether the residential parent or a parent subject to a shared parenting decree has continuously and willfully denied the other's right to parenting time in accordance with a court order; and j) whether either parent has or is planning to establish a residence outside of Ohio. R.C. 3109.04(F)(1)(a)-(j).

{¶10} The statute does not mandate a trial court separately address each of the best interest factors, and is presumed to have considered them absent evidence to the contrary. *In re Henthorn,* 7th Dist. No. 00-BA-37, 2001-Ohio-3459, *4. Although the juvenile court's judgment entry here does not specifically state the enumerated factors, a review of the record and the entry reveal that the juvenile court did consider the applicable law and best interest factors.

{¶11} As to the first factor, the wishes of the parents, Mother wanted to have primary custody of the minor children with supervised visitation to the Father. Father wanted custody or visitation with the children all weekends, half of the holidays, and all or half of the summers. The second factor is not relevant as there does not appear

to be any in camera interview of the children or indication of their preferences.

**{¶12}** Concerning the third factor, the testimony established that the children had lived with Mother the past three and a half years. About once a week Mother would transport the children to Pennsylvania for Father to visit with them in a public place. Visitations could not be held at Father's home because a woman named Ms. Lee lived in the duplex and she threatened others, destroyed property and attacked a social worker. Mother and Father agreed that Ms. Lee should not be around the children. As to the fourth factor, the children have resided together with Mother, and do well in school and participate in various activities.

**{¶13}** Regarding the fifth factor, the mental and physical health of all relevant persons, Mother's was not at issue. Father testified that the "science of my care is very flawed" and that he is "diagnosed Bipolar-I severe, being manic depressive." He is prescribed Lithium and Vistril. Mother testified as to instances of Father "strangling" one of the children and Father described this as applying pressure to points on his neck. She also testified as to examples of his erratic behavior with the children. Further, the pleadings indicate that Father was involuntarily committed numerous times, and during his testimony he referred to spending time at three hospitals. Further, Father pled guilty to threatening to "beat the crap out of my father-in-law." At the time of the hearing Father was on probation until 2017.

**{¶14}** As to the sixth factor, the juvenile court specifically found that Mother has been providing the father with parenting time over the past three years despite there not being a court order requiring her to do so.

**{¶15}** The last four factors regarding child support payments, criminal offenses involving children; shared parenting visitation and establishing a residence outside of Ohio were not at issue.

**{¶16}** Evidence was presented regarding all of the relevant R.C. 3109.04 factors. The juvenile court had the best opportunity to evaluate the testimony of the witnesses in this case; something we are unable to do as our review is limited to the written page. Based upon the record before us, as well as the applicable law and

statutory best interest factors, the juvenile court did not abuse its discretion in finding that the children's best interests would be served by having weekly supervised visitation with Father.

**{¶17}** Accordingly, Father's two assignments of error are meritless, and the juvenile court's judgment is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.