[Cite as *In re F.M.B*, 2017-Ohio-4137.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| F.M.B. | ) | |
| | ) | CASE NO. 16 MO 0004 |
| H.D.B. | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:     Appeal from the Court of Common Pleas, Juvenile Division, of Monroe County, Ohio
Case No. 5277

JUDGMENT:     Affirmed.

APPEARANCES:
For Mother-Appellant

Attorney Joseph Vavra
P.O. Box 430
132 West Main Street
St. Clairsville, Ohio 43950

For Father-Appellee

Attorney Margaret Boyd LaPlante
139 West Eighth Street
P.O. Box 640
Cambridge, Ohio 43725-0640

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: June 5, 2017

DeGENARO, J.

{¶1} This appeal filed by Jordan Fraley, Mother, challenges the juvenile court's decision that awarded primary custody of the minor children to Joseph Bertini, Father. As Mother's arguments are meritless the judgment of the trial court is affirmed.

{¶2} The minor children resided with both Mother and Father, who were unmarried, until their relationship ended, at which point they resided solely with Mother. Father filed a complaint for determination of parental rights and was granted standard visitation during the pendency of the proceedings. Mother did not file an answer. At a merit hearing multiple witnesses testified and evidence was presented. The juvenile court determined it was in the best interests of the children that Father be designated the residential parent; Mother received standard visitation.

{¶3} In her sole assignment of error, Mother asserts:

The trial court abused its discretion in awarding custody to the Appellee.

{¶4} It is well settled that a trial court is given broad discretion in its determination of parental custody rights. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). The standard of review for an appeal of an initial custody order is whether the trial court abused that discretion. *Davis v. Flickinger,* 77 Ohio St.3d 415, 416–17, 674 N.E.2d 1159, 1997–Ohio–260. "The term 'abuse of discretion' means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *In re S.S.L.S.,* 7th Dist. No. 12 CO 8, 2013-Ohio-3026, ¶ 22.

{¶5} R.C. 3109.04(B)(1) governs initial custody awards: "When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children." R.C. 3109.04(B)(1).

{¶6} The statutory best interest factors within R.C. 3109.04(F)(1) are

applicable to juvenile custody proceedings. *In re L.D.C.,* 7th Dist. No. 16JE0029, 2017-Ohio-800, ¶9. These factors include, but are not limited to, the following: a) the parents' wishes; b) the child's wishes if interviewed by the court; c) the child's interaction and relationship with parents, siblings, and others who significantly affect the child's best interests; d) the child's adjustment to home, school, and community; e) the mental and physical health of relevant persons; f) the parent more likely to honor and facilitate court-approved parenting time/companionship; g) whether either parent has failed to make court ordered child support payments; h) if either parent or a household member has been convicted of certain criminal offenses involving children; i) if the residential parent or a parent subject to a shared parenting decree has continuously and willfully denied the other's right to parenting time; and j) if either parent has or plans to establish a residence outside Ohio. R.C. 3109.04(F)(1)(a)-(j).

{¶7} Mother contends that the juvenile court failed to give appropriate weight to the three factors set forth in R.C. 3109.04(F)(1)(c), (d), and (j). First, as to subpart (c), Mother argues the juvenile court ignored that the children have good relationships with members of their extended family in Ohio; there are no family members living in Pennsylvania; and they have a step-sibling living with Mother in Monroe County. The juvenile court expressly stated that it considered this factor and noted that the children have appropriate relationships with both parents, siblings and others in their lives in both families.

{¶8} Turning next to subpart (d), the child's adjustment to home, school, and community, Mother contends that the older child started her academic career in Monroe County and that the children are involved in wrestling. She further contends that testimony proved that Father failed to honor the extracurricular schedule.

{¶9} At the time of the hearing the older child was five years old. Mother testified that Father failed to take the kids to wrestling. Father testified that Mother did not give him information about the children and often frustrated his attempts at visitation. Testimony also established that Mother changed residences several times resulting in the older child transferring schools. This undercuts the sincerity of Mother

providing the children academic stability. Resolution of this factor rests upon the determination of the witnesses' credibility, which is left to the discretion of the juvenile court.

{¶10} Finally, regarding subpart (j), whether either parent has or is planning to establish a residence outside of Ohio, Mother argues that Father's residence in Pennsylvania was overlooked. The juvenile court's judgment entry specifies: "The father does reside outside of this state. It should be noted however that the children originally lived with both parents in Pennsylvania until the parties separated in December 2012. The mother then returned to Monroe County with the children and has continued to live here until the present time."

{¶11} A review of the judgment entry reveals that the juvenile court was extremely thoughtful and detailed in its consideration of each best interest factor. The few factors that Mother does take issue with were clearly considered by the juvenile court. No single statutory factor is more important than any other. *In re Schaefer*, 111 Ohio St.3d 498, 2006–Ohio–5513, 857 N.E.2d 532, at ¶ 56. The record is replete with examples of the instability the children experienced while with Mother: her numerous relationships, jobs, and residences. Mother also struggles with bipolar disorder; she does not take her medication regularly or participate in counseling. The evidence supports the juvenile court's decision to award custody to Father.

{¶12} Accordingly, Mother's sole assignment of error is meritless and the judgment of the juvenile court is affirmed.

Waite, J., concurs.

Robb, P. J., concurs.