[Cite as *In re C.T.*, 2019-Ohio-3403.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

In re C.T.

Court of Appeals No. S-19-001

Trial Court No. 21730237

**DECISION AND JUDGMENT**

Decided: August 23, 2019

* * * * *

Pamela Cordy, for appellant.

Dean E. Ross, for appellee.

* * * * *

**ZMUDA, J.**

## I. Introduction

**{¶ 1}** Appellant, C.T., Sr., appeals the judgment of the Sandusky County Court of Common Pleas, Juvenile Division, prohibiting him from having contact or visitation with his minor child, C.T., Jr. (hereinafter referred to as "C.T."). Finding no error in the proceedings below, we affirm.

## A. Facts and Procedural Background

{¶ 2} On September 8, 2017, appellee, Sandusky County Job and Family Services, received a report that C.T.'s mother, B.F., had overdosed on heroin. Appellee investigated the report, leading to the implementation of a safety plan for B.F. and the placement of C.T. with his maternal aunt, A.F. Thereafter, B.F. failed to comply with the terms of her safety plan by failing drug screens and refusing to cooperate with appellee's caseworkers. As a result, appellee filed a complaint on November 2, 2017, alleging that C.T. was dependent and neglected.

{¶ 3} On December 1, 2017, the juvenile court held a hearing on the complaint, at which B.F. consented to a finding of probable cause for C.T.'s removal from her home. Thereafter, B.F. agreed to continue A.F.'s temporary custody of C.T.

{¶ 4} A combined adjudicatory and dispositional hearing was held on January 29, 2018, which resulted in the juvenile court's determination that C.T. was a dependent and neglected child. Following the dispositional portion of the hearing, the juvenile court found that continuation of A.F.'s temporary custody of C.T. was in C.T.'s best interests. Appellant was not present at these proceedings because he was incarcerated following his conviction for possession of drugs. Due to appellant's incarceration, his violent history, and a protection order that was in place at the time, the juvenile court ordered that appellant was to have no contact or visitation with C.T.

{¶ 5} On December 6, 2018, the matter came before the juvenile court for an annual dispositional review hearing. Due to his incarceration, appellant was not present

2.

at the hearing.  Prior to the hearing, B.F. consented to a grant of legal custody to A.F. The juvenile court terminated appellee's protective supervision of C.T. and awarded legal custody to A.F. after finding that such an award was in C.T.'s best interests.  Concerning appellant, the juvenile court stated:

> Based upon Father's incarceration, his violent history and a Protection Order in place, there shall be no contact or visitation for Father and child at this time.  Father was not present for this hearing and has not filed any motions or been involved with the minor child.

{¶ 6} On January 2, 2019, appellant filed his timely notice of appeal.

## B.  Assignment of Error

{¶ 7} On appeal, appellants assigns as error the following:

> The Trial Court erred in ordering no contact or visitation for Father and child.

## II.  Analysis

{¶ 8} In his sole assignment of error, appellant argues that the juvenile court erred by failing to award him visitation with C.T.  We review the juvenile court's decision concerning visitation under an abuse of discretion standard.  *See Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).  A trial court abuses its discretion when it issues a judgment that is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

3.

**{¶ 9}** "The primary focus of any visitation order is the best interest of the child." *In re F.B.*, 2018-Ohio-2488, 115 N.E.3d 734, ¶ 18 (12th Dist.), citing *Kelm v. Kelm*, 92 Ohio St.3d 223, 226, 749 N.E.2d 299 (2001). "A trial court may limit or restrict visiting rights of a party in order to further the child's best interest." *Callender v. Callender*, 7th Dist. Carroll No. 03-CA-790, 2004-Ohio-1382, ¶ 31. The trial court possesses the "power to restrict the time and place of visitation, to determine the conditions under which visitation will take place and to deny visitation rights altogether if visitation would not be in the best interests of the child." *Jannetti v. Nichol*, 7th Dist. Mahoning No. 97-CA-239, 2000 WL 652540, *3 (May 12, 2000).

**{¶ 10}** As noted above, the juvenile court denied visitation for appellant based upon his incarceration, violent history, and lack of involvement in C.T.'s life. According to the hearing testimony of appellee's investigator, Samantha Reamer, appellant physically assaulted B.F. on May 3, 2010. C.T. was present during the domestic violence. B.F. testified that a protection order was put in place following the 2010 domestic violence incident, and a subsequent protection order was put in place in 2015. The 2015 protection order remained in effect at the time of the January 29, 2018 hearing. B.F. explained that she filed for the 2015 protection order after appellee's attorney informed her that C.T. would be moved away from B.F. if B.F. failed to obtain the protection order.

**{¶ 11}** B.F. testified that appellant had been previously incarcerated for "attempted murder, two felonious assaults." Speaking of these convictions, B.F. explained that

4.

appellant "beat the crap out of two old ladies leaving the church parking lot and stole their pocketbook money. * * * I mean, he's been incarcerated like 18 years of his life. He beat me up multiple times." When asked whether she believed that a relationship with appellant was in C.T.'s best interests, B.F. replied, "No, but I didn't want to make him – sound out to be a monster either. I wanted him to make that decision, but I kept the restraining order in place, 'cause I didn't want to lose my son." B.F. later clarified that she was maintaining the 2015 protection order so that she would not lose her son *and* because appellant had beat her multiple times.

{¶ 12} The foregoing testimony supports the juvenile court's determinations concerning appellant's incarceration, his criminal history, and the protection order that remains in place against appellant. Based upon this evidence, we cannot say that the juvenile court acted unreasonably in concluding that denial of visitation to appellant was in C.T.'s best interests.

{¶ 13} In support of his claim that the juvenile court erred in denying him visitation of C.T., appellant notes that B.F. testified that the 2015 protection order was put in place at the urging of appellee's attorney. Appellant also highlights testimony in the record that suggests that appellee made efforts to allow appellant to visit with C.T. despite the 2015 protection order. Moreover, appellant takes issue with the juvenile court's finding that he "has not filed any motions or been involved with the minor child."

5.

Appellant insists that he sent a letter to C.T. on January 25, 2018, in which he told C.T. that he wanted him to remain in the care of A.F.[1]

{¶ 14} Notwithstanding the foregoing evidence, it is clear in the record that appellant has a violent disposition, as evidenced by his record of criminal convictions and multiple acts of violence against B.F., some of which were in the presence of C.T. Further, appellant's apparent violations of the terms of the protection order currently in effect do not support his argument that the juvenile court erred in denying him visitation. In sum, we find that the juvenile court did not abuse its discretion in denying visitation to appellant.

{¶ 15} Accordingly, appellant's sole assignment of error is not well-taken.

### III.  Conclusion

{¶ 16} In light of the foregoing, the judgment of the Sandusky County Court of Common Pleas, Juvenile Division, is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

---

[1] Appellant's counsel notes in her appellate brief that the letter is not contained in the record.  Counsel states that she "attempted to track down the letter but was unable to locate it in the original file."

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                             _____

                                                              JUDGE

Christine E. Mayle, P.J.

Gene A. Zmuda, J.                                _____
CONCUR.                                                          JUDGE

_____
                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.